## Eliza J. Barnett, Exrx., Plff. in Err., *v.* Benjamin M. Plummer.

General words in a conveyance passing all ways with the land conveyed, occupied or enjoyed, will not convey to the vendee a way which originated in the user by the vendor of his own land for his own convenience, and which had no existence prior to the unity of possession of the vendor.

A covenant by a lessor to convey to the lessee at his option for a fixed price and during the term, "the lot of ground and buildings thereon erected and now leased to him," the description in the lease ending with the words "the lessee to take the buildings as they now stand," does not give the lessee a right to a conveyance of the soil of an alley not included in the metes and bounds, but over which the second story of the demised buildings extended.

(Argued January 14, 1887. Decided February 7, 1887.)

July Term, 1886, No. 181, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Error to Common Pleas No. 1 of Philadelphia County to re-

NOTE.—All easements necessary to the enjoyment of the property pass as appurtenances without mention of them. Murphy v. Campbell, 4 Pa. 480. The rule is different where the right is not necessary, but merely convenient. Howell v. M'Coy, 3 Rawle, 271; Messer v. Rhodes, 3 Brewst. (Pa.) 180. A right of way appurtenant to the land is appurtenant to every part, and if the land is divided, each grantee has an interest in it. Myers v. Birkey, 5 Phila. 167; Ehret v. Gunn, 166 Pa. 384, 31 Atl. 200; Ermentrout v. Stitzel, 170 Pa. 540, 33 Atl. 109.

view a judgment on a verdict for the defendant in an amicable action of ejectment. Reversed.

At the trial before ALLISON, P. J., it appeared that on October 5, 1881, the plaintiff leased to the defendant the property described in the opinion.

Between the fence mentioned in the lease and the dwelling houses excepted from it was an alley, 3 feet and 7 inches wide, over which the second story of the leased building extended to the wall of the dwelling houses.

The lease contained a covenant on the part of the lessor, "to give the lessee the privilege of purchasing the lot of ground and buildings thereon erected and now leased to him, as described above, together with all the improvements he may have put thereon, for the sum of $12,000, to be paid for as follows: $2,000 in cash and a mortgage on said premises for the balance of $10,000, payable in ten years and bearing 5 per cent interest (it being understood that the said lot and buildings are to be clear of all encumbrance), at any time before the expiration of three years from the first day of November, A. D. 1881."

On November 1, 1884, the defendant tendered to the plaintiff a deed containing the description set forth in the opinion, together with $2,000 in cash and a mortgage for $10,000. Claiming that the deed would convey the soil of the alley, and that under the covenant in the lease the defendant was not entitled to such a conveyance, the plaintiff refused to execute the deed.

The defendant continued in possession. On June 20, 1885, the plaintiff, after giving notice of her intention to determine the lease for nonpayment of rent, entered, in accordance with the terms of the lease, this action of ejectment.

The defendant asked the court to charge, *inter alia:*

"4. Under the agreement between the parties, defendant is entitled to a conveyance of all the ground covered by the buildings leased to and occupied by him."

*Ans.* That is the important point upon which it remains for me to say something to the jury. Was the defendant entitled to the ground covered by the buildings? This building did not stop at the eastern line of the alley, as the second story extended over the alley way. Defendant contends that, the building extending over the alley way, the grant included the alley way. The plaintiff contends that the alley way was not included in

the grant, and did not carry with it the right to the soil of that alley way. [As a question of law I charge that the grant on the part of the plaintiff included the soil of the alley way, subject to the easement of the alley to the easternmost of the houses; that, by the terms of the lease, the alley way was included, because the factory extended over the alley way. The grant extends to the eastern line of the easternmost house. Upon both material points raised by defendant, I instruct the jury that the law is with the defendant, and against the plaintiff, and that the defendant was right in preparing the deed to include the soil of the alley.]

Verdict and judgment were for the defendant.

The seventh assignment of error specified the part of the answer inclosed in brackets.

*John Roberts,* for plaintiff in error.—The right of way not being an apparent and continuous easement does not pass as incident to separate enjoyment of portion of land severed, nor will the right pass as an implied grant, unless the owner uses language to show that he intended to create the easement *de novo.* Hinchliffe v. Kinnoul, 5 Bing. N. C. 2; James v. Plant, 4 Ad. & El. 749; Worthington v. Gimson, 2 El. & El. 618; Ogden v. Grove, 38 Pa. 487.

Especially when the way originates in the user by the vendor of his own land, for his own convenience, and has no existence prior to the unity of possession of the vendor. Barlow v. Rhodes, 3 Tyrw. 280; Thomson v. Waterlow, L. R. 6 Eq. 36; Robinson v. Myers, 6 Pa. 9; Langley v. Hammond, L. R. 3 Exch. 161.

The words, "and all the buildings thereon," in a deed of land described by metes and bounds, can have no legal operation in determining the extent of the tract conveyed. Crosby v. Parker, 4 Mass. 110; Cox v. Couch, 8 Pa. 147; Ogden v. Porterfield, 34 Pa. 191.

By a deed of a specific piece of land, carved out of a larger piece held by the grantor, "with all the privileges and appurtenances thereunto belonging," a way not annexed to the land by any natural or legal necessity, but as a matter of ease and convenience only, does not pass. Grant v. Chase, 17 Mass. 443, 9 Am. Dec. 161.

*E. Cooper Shapley,* for defendant in error.—An alley way is an obviously apparent easement or servitude, affecting the physical condition of the land, and parties dealing with the land are presumed to have contracted in view of it.   Memmert v. McKeen, 17 W. N. C. 380.

A line actually marked on the ground will prevail over courses and distances.   Brolaskey v. McClain, 61 Pa. 146; Petts v. Gaw, 15 Pa. 218; Lodge v. Barnett, 46 Pa. 477; Dawson v. Mills, 32 Pa. 302.

It is only necessary to notify the landlord that the tenant elects to exercise his option of purchase, to terminate the relation of landlord and tenant, and create the relation of vendor and vendee.   Knerr v. Bradley, 16 W. N. C. 72.

It is not necessary that notice of the election should be in writing.   Smith's Appeal, 69 Pa. 474.

OPINION BY MR. JUSTICE GORDON:

There is no material question of fact in this case, except that which arises from the lease of the 5th of October, 1881, the drafts offered in evidence, and the actual measurements on the ground, concerning which there is no dispute.   This simplifies the contention very much, and relieves us from the consideration of any but the seventh exception.   The exception embraces that part of the charge of the court below which is set forth as follows:

"As a question of law, I charge that the grant on the part of the plaintiff included the soil of the alley way, subject to the easement of the alley to the easternmost of the houses; that by the terms of the lease the alley way was included, because the factory extended over the alley way.   The grant extends to the eastern line of the easternmost house.   Upon both material points raised by the defendant, I instruct the jury that the law is with the defendant, and against the plaintiff, and that the defendant was right in preparing the deed to include the soil of the alley."

This, of course, approves the description of the premises as found in the deed tendered for execution to Eliza Jane Barnett, as executrix and trustee of the estate of Thomas Barnett, deceased, by the defendant, Benjamin M. Plummer, in execution of the option of purchase as found in the lease above stated.

This description, so far as is material to the case, appears as follows:

"Beginning at a point in the southwesterly corner of Ninth and Reed streets, in the first ward of the city of Philadelphia, thence extending southwardly along the westerly line of the said Ninth street, 124 feet, more or less, to a point on the easterly line of Flora street; thence extending northwardly along the east line of the said Flora street, 55 feet, more or less, to a fence; thence extending eastwardly along said fence, 30 feet 4¼ inches, to a point; thence extending northwardly 25 feet to a point, being at the head of a certain alley, 3 feet 7 inches wide, which leads northwardly into Reed street; thence extending westwardly, on a line and crossing the head of said alley, 3 feet 7 inches, to a point in the center of brick wall on the westerly line of said alley; thence extending northwardly along the center of the said wall 26 feet on the southerly line of said Reed street; thence extending eastwardly along the southerly line of said Reed street, and recrossing said alley, 97 feet 3¼ inches, to a point on the westerly line of said Ninth street and place of beginning . . . together with the free and common use, right, liberty, and privilege of the said alley as a passage way and water course, in common with the owners, tenants, and occupiers of the other lots of ground bounding thereon at all times thereafter, forever; and together with the right to build over the said alley way, as at present, leaving 8 feet headway in the clear."

Turning now to the lease, we find the description of the property demised to be as follows: "All that portion of the lot situate on the southwest corner of Ninth and Reed streets in the city of Philadelphia, with buildings, stables, and other appurtenances thereon erected, and late used as a starch factory; said lot being 90 feet, more or less, on Reed street, 105 feet, more or less, on Ninth street, and extending on a line at right angles with the said Reed street, 124 feet, more or less, on Flora street, 55 feet, more or less, on Flora street to a fence, and then passing along said fence, 34 feet, more or less, to a point; and from thence along another portion of said fence, by a line at right angles to Reed street, 50 feet, more or less, to said Reed street, as per accompanying plan, it being understood and agreed that this does not include the lot on the southeast corner of Reed and Flora streets, with two dwelling houses thereon erected;

said lot being 34 feet on Reed by 55, more or less, on Flora street; the above-described premises to be occupied and used by him for manufacturing purposes, for the term of three years, with the privilege of five if he so desires, to commence and be computed from the first day of November, A. D. 1881. . . . It being understood and agreed that the lessee takes the buildings as they now stand."

It will be seen by comparing the descriptions, as above set forth, that that in the deed varies from that in the lease in two essential particulars:

1. The line of the factory lot on Reed street, as called for in the lease, is 90 feet, while the same line in the deed is 97 feet 3¼ inches.

2. The deed, in order to include the alley, requires the deflection of the eastern line of the dwelling lots at a right angle, thus making a new line 3 feet 7 inches in length not found in the lease. But more than this, when we look at the drafts, we find that, including the alley, the north line of the dwelling lots falls short of its distance, as called for in the lease, nearly 5 feet, while the same line of the factory lot excluding the alley has an excess of nearly 4 feet, so that this lot has all that can be legally demanded for it.

Finally, the lessee was to take the buildings "as they now stand," and as the factory did not stand on the alley, but on its east line with the upper story extending over it, it seems to us very clear that the lease did not include the passage way, and if so, it was improper to attempt to compel the plaintiff to convey the fee thereof. Under the facts here stated, we think it quite clear that the court erred in charging the jury as it did, and as the defendant, from the lapse of time, can now have no standing to defend this action, unless he can find something more pertinent to the issue than he has as yet exhibited, we need not consider the other exceptions.

The judgment is reversed, and a new *venire* ordered.