Frederick B. Wilson, appellant,

*v.*

Georgiana B. Terry et al., respondents.

[Argued July 11th, 1906. Decided March 4th, 1907.]

On appeal from a decree of the court of chancery, advised by Vice-Chancellor Emery, whose opinion is reported in *70 N. J. Eq. (4 Robb.) 231.*

*Mr. Robert H. McCarter,* attorney-general, and *Messrs. Frank Durand* and *David Harvey, Jr.,* on the brief, for the appellant.

*Mr. Gilbert Collins* and *Mr. James D. Carton,* on the brief, for the respondents.

Per Curiam.

This is an appeal from a decree advised by Vice-Chancellor Emery dismissing the bill of the appellant, the object of which was to have a deed for certain premises in Asbury Park made by him through an intermediary to his wife (who died prior to the filing of the bill) adjudged to be a mortgage. Our examination of the case leads us to the conclusion that the decree should be affirmed. The opinion of the learned vice-chancellor contains so thorough and accurate an anaylsis of the testimony, and so

full a statement of the reasons which led him to his conclusion, and those reasons, with the exception of one hereafter mentioned, are, in our view of the case, so plainly sound, that we would be content to rest our affirmance upon that opinion were it not for the fact that, as we conceive, certain evidence offered by the defendants was erroneously admitted, and that evidence received consideration in the opinion and was one of the reasons upon which the conclusion of the learned vice-chancellor was rested. The evidence referred to consisted of entries contained in the private diary of the deceased wife, which, it was considered by the vice-chancellor, tended to show that the deed which the appellant sought to have declared to be a mortgage, was, in fact, what it purported to be on its face, viz., an absolute conveyance. If the bill of complaint had been filed against the wife during her life, clearly these entries would have had no probative force against her husband. They seem to us equally objectionable as evidence in favor of those who claim in her right. But, excluding these entries from consideration, the other facts discussed in the opinion of the vice-chancellor amply support his conclusion that the appellant failed to make out a case which entitled him to the relief prayed for.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, GREEN, GRAY—11.

*For reversal*—VREDENBURGH, VROOM—2.