NICHOLAS S. WINSOR, Executor *vs.* MILTON BROWN *et al.*

MARCH 7, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)    Wills.    Death of Legatee Before Execution of Will.    Classes.*

Testamentary bequest "I give and bequeath the remaining one-half part in equal shares, share and share alike, to A. and B. descendants of my brother

in law C.; to D. E. F. G. and H., descendants of my brother-in-law K.; to L. M. N. O. and P. descendants of my sister-in-law R. to them their heirs and assigns forever".

E. died after the decease of testatrix and D. died more than one year before the execution of the will, leaving issue surviving.

*Held*, in regard to D., that unless a testator has manifested a different intention, a devise or bequest to a named or otherwise specifically designated devisee or legatee who was dead at the time of the execution of the will, does not fail, if such beneficiary left issue living at death of testator, but is saved for the benefit of such issue by Gen. Laws, 1923, cap. 298, sec. 31, providing that "when any person to whom any real or personal estate shall be devised or bequeathed, . . '. shall die in the lifetime of the testator leaving issue, and any such issue of such person shall be living at the time of the death of the testator, such devise or bequest shall not lapse, but shall take effect and operate as a devise or bequest from such testator to such issue, in such proportions as the estate of such devisee or legatee would go to them had he died intestate immediately after the death of the testator, unless a contrary intention shall appear by the will".

*Held*, further, that the gift was to twelve persons designated by name and not to three classes.

Bill in Equity for construction of will. Certified under Gen. Laws 1923, cap. 339, sec. 35.

Rathbun, J. This is a bill in equity brought in the Superior Court by the executor for the construction of the will of Margaret J. Williams. The case being ready for hearing for final decree was, as required by Sec. 35, Chap. 339, G. L. 1923, certified to this court for determination.

The testatrix, after disposing of certain real and personal property and one half of the residue of her estate, provided by the fifth clause of her will as follows: "I give and bequeath the remaining one-half part in equal shares, share and share alike, to Alfred Williams and Charles Williams, descendants of my brother-in-law, Henry Grant Williams; to Hannah McCormick, Doxie Lee, Andrew Williams, Nellie Williams and Nannie Williams, descendants of my brother-in-law, Edwin Palmer Williams; to Julia Williams Chase, Lila Duckworth Wilde, Grace Alma Coffin, Milton Brown and Ethel Louise Price descendants of my sister-in-law Julia Williams Brown, to them, their heirs and assigns forever." All of the beneficiaries named in said clause

except Doxie Lee and Hannah McCormick are respondents. After the death of the testatrix Doxie Lee deceased and her administratrix has been made a party respondent. The will was executed March 7, 1923, and Hannah McCormick deceased February 19, 1922, more than one year before the execution of the will, leaving six children all of whom are living. They have been made parties respondent.

The bill raises the following questions: 1. Did the gift in said fifth clause to said Hannah McCormick lapse, or does it take effect and operate as a gift to such of her issue as were living at the time of the death of the testator? 2. Is the property disposed of in said fifth clause to be divided into three equal shares, one share to go to said descendants of said Henry Grant Williams, one share to said descendants of said Edwin Palmer Williams, and one share to said descendants of said Julia Williams Brown; or is said property to be divided into twelve (or eleven, according to the answer given to the foregoing question) equal shares, one share to go to each of the beneficiaries named in said fifth clause or to her issue?

At common law a gift to a person who was dead at the time the will was executed was void, and the first question presented is whether Sec. 31, Chap. 298, G. L. 1923 is sufficiently comprehensive to save for the issue of Hannah McCormick the legacy which by the terms of the will was given to her. Said section provides as follows: "When any person to whom any real or personal estate shall be devised or bequeathed for any estate or interest not determinable at or before the death of such person, shall die in the lifetime of the testator, leaving issue, and any such issue of such person shall be living at the time of the death of the testator, such devise or bequest shall not lapse, but shall take effect and operate as a devise or bequest from such testator to such issue, in such proportions as the estate of such devisee or legatee would go to them had he died intestate immediately after the death of the testator, unless a contrary intention shall appear by the will."

The decisions upon the question are not in harmony; but the great weight of authority, as well as reason, supports a holding—unless the testator has manifested a different intention—that a devise or bequest to a named, or otherwise specifically designated devisee or legatee who was dead at the time of the execution of the will, does not fail, if such beneficiary left issue living at the death of the testator, but is saved by the statute for the benefit of such issue. 3 A. L. R. at 1684 cites in support of this proposition numerous authorities in the following jurisdictions: Conn., Me., Mo., N. Y., Pa., Tenn., Va., Wash. and England. Some of the decisions supporting the minority view are based on the fact that, in the opinion of that court, the peculiar wording of the statute in that jurisdiction excludes the issue of a beneficiary who was dead at the time of the execution of the will. See *Billingsley* v. *Tongue,* 9 Md. 575. Other courts in construing the statute have attempted to draw a distinction between gifts to persons dead at the time the will was executed—which at common law were held to be void— and gifts which in the absence of the statute would have lapsed because the beneficiary died before the death of the testator, although after the execution of the will. (See 1 Jar. Wills, 6 ed. 423; 40 Cyc. 1052, 1925 and cases cited in 3 A. L. R. at 1683). They argue that the legislature did not attempt to save gifts which were void *ab initio* but only those which were valid when the will was executed but thereafter lapsed because of the death of the donee before the testator's death.

Although Hannah McCormick died before the execution of the will she died "in the lifetime of the testator"; and nothing in the statute except the technical word "lapse" in any way indicates an intention to confine the benevolent scheme of the statute to the issue of persons who deceased between the time of the execution of the will and the death of the testator. This remedial statute should be given a liberal construction in order to effectuate the purpose for which the statute was enacted. The statute was adopted

for the purpose of carrying out the presumed wish of the testator and there is no more reason for presuming that a testator would desire to benefit the issue of a person, who, after being named as a beneficiary in the will, dies before the testator, than there is for presuming that it would be the wish of the testator to benefit the issue of a person who happened to have deceased before the time when he was specifically named as a beneficiary in the will. There is at least one other instance where the word "lapse" as used in the statute can not be given its technical significance, for example, where a gift is made to a class and one of the members thereof dies before the testator, the share of such deceased member does not, strictly speaking, lapse but merges in the gift which goes to the remaining members of the class. To accomplish the purpose for which the statute was designed its should be construed to mean the same as it would if the word "fail" was inserted in the place of the word "lapse". See authorities in 3 A. L. R. cited *supra.* As stated in *Nutter* v. *Vickery,* 64 Me. 490: "The statute has regard rather to the class of individuals for whose relief it is interposed, than to any technical distinction in the manner of the failure against which it proposes to guard them. As to them, the result of the common law would be the same, whether their ancestor died before or after the date of the will, if he died before the testator. Against this result in either case, the statute places a barrier."

It should be borne in mind that the bequest to Hannah McCormick is a gift to a person designated by name and not a gift to members of a class, as "to the children" of a person without further designation. Courts have sometimes confused these two classes of gifts, but most courts, in considering the statute, make a distinction between such a gift as we have under consideration and a gift to a class where the members are not designated. In construing gifts to such a class the usual rule for testamentary construction, when no statute is involved, is that membership in the class is determined as of the testator's death, because

the testator is presumed to have intended, when nothing appears to indicate a different intention, that only such undesignated members of the class shall take as survive the testator. *Howland* v. *Slade,* 155 Mass. 417; *Harrison's Estate,* 202 Pa. 331, 51 Atl. 976. Some courts, in construing the statute, have overlooked or disregarded the above rule of construction—that membership in the class is determined as of the death of the testator—and have applied the statute in favor of the issue of an undesignated member of a class who deceased between the time of the execution of the will and the death of the testator and have refused— it would seem correctly—to apply the statute in favor of the issue of an undesignated member of a class who had deceased before the execution of the will. In *Almy* v. *Jones,* 17 R. I. 265, the testator by his will directed that his residuary estate be equally divided among the children of his sister and the children of his brother. The bequest constituted a gift to undesignated members of a class. At the time of the execution of the will the sister had one son and three grandchildren, children of a son who had previously deceased. They all survived the testator. The brother, at said time, had three children and a grandchild, a daughter of a son who had previously deceased, all of whom survived the testator. The question was whether a statute substantially the same as the one under consideration operated to give the grandchildren the share which the parent would have taken if alive at the death of the testator. It would seem that a codicil to the will clearly expressed an intention that the grandchildren should not take. The codicil provided that the legacy to the children of the brother and sister "is to the children of the first generation". But the court ignored the codicil and, without considering the question of when the members of the class are determined in the case of a gift to a class, held that the statute did not operate for the benefit of the grandchildren because the parent died before the execution of the will. The court after quoting the statute said: "We do not think said

provision is capable of a construction that will sustain the claim. It applies only where a person 'having a devise or bequest' dies before the testator. The son of Mrs. Hall who was the father of her said grandchildren never had any devise or bequest under the will of Albert J. Jones, since he was dead, and so incapable of taking by devise or bequest, before the will was made. For anything that appears, the testator knew that he was dead when he made the will, and consequently could not even have intended to bequeath anything to him." The court did not hold—and the question was not before them—that the statute would not have operated for the benefit of the grandchildren if their father, who died before the execution of the will, had been specifically named as a legatee. In *Williams* v. *Knight*, 18 R. I. 333, the court, without citing *Almy* v. *Jones*, again considered substantially the same question combined with another. The testatrix made a bequest to her cousin, Mary Spicer, for life with remainder to her children without designating the children by name or otherwise. Mary deceased before the testatrix, and hence the gift to her for life did not take effect, and the legacy passed on the death of the testatrix immediately to the legatees in remainder. Mary left three children who survived the testatrix, a grandson, the child of a daughter who died *before* the execution of the will, and two granddaughters, children of a daughter who died *after* the execution of the will and before the death of the testatrix. All of the grandchildren survived the testatrix. In that case there was a gift to undesignated members of a class. One of the members died before the execution of the will leaving issue surviving the testatrix, another member died after the execution of the will and before the testatrix, leaving issue surviving the testatrix. It was held that the statute prevented the lapse of the share of the child who died after the will was executed but that the statute did not operate to save a share for the issue of the child who died before the execution of the will. As to the latter share the court merely said: "On the other hand,

as Mary Amelia Chambers, the mother of William S. Chambers, not only died before the testatrix, but also before the making of the will, so that there was no bequest to her in the will, he is not within the provision of the statute, and inasmuch as the word children, as we have already seen does not include grandchildren, is not entitled in any view that can be taken of the bequest to share in the legacy." The decision that William could not take his mother's share was undoubtedly correct. The language above quoted indicates that the decision was not based on the ground that the gift was void but rather on the ground that the mother of William, being dead when the will was executed, did not at that time come within the description of "children" of Mary Spicer. The language of the opinion, "so that there was no bequest to her in the will", means substantially the same as the words "therefore the testatrix intended to make no bequest to her". There is, however, nothing inconsistent in holding that the statute operates for the benefit of the donee's issue when, by the terms of the will, the gift is to a designated person who is dead at the time of the execution of the will, and holding that a gift to an undesignated member of a class, who had then deceased, does not come within the statute. The same courts have frequently supported both propositions. See *Howland* v. *Slade, supra; In re Estate of Hutton*, 180 Pac. 882 and note in 3 A. L. R. 1682 and cases cited in 3 A. L. R. 1686, 1687.

The gift in the fifth clause was "in equal shares, share and share alike" to twelve persons designated by name. The reference to the two brothers-in-law and a sister-in-law was merely for the purpose of identifying the legatees and not for the purpose of dividing them into three classes with an intention that each class should take one-third.

Our decision is (1) that the gift to Hannah McCormick did not lapse but operates as a gift to such of her issue as were living at the time of the death of the testatrix. (2) That the property disposed of by the fifth clause of the will must be divided into twelve equal shares and that each of the

beneficiaries named in said clause, except Hannah Mc-
Cormick, takes one of said shares, and that the children of
Hannah McCormick take in equal parts the share which
their mother would have taken had she survived the
testatrix.

The parties may present a form of decree in accordance
with this opinion.

*James Harris, John C. Knowles,* for complainant.
*Alfred S. and Arthur P. Johnson,* for respondents.