This suit is brought for the construction of the tenth paragraph of the will of Henry A. Hitner, deceased, reading as follows:
"Tenth: In the event of my dying without leaving lawful issue and without being survived by a widow, or in the event of my dying without leaving lawful issue but being survived by a widow, then in the event of the death or remarriage of my said widow, I give, devise and bequeath the corpus of my estate and all undisbursed accrued income thereon to my nieces, Grace E. MacMullan, Roberta E. MacMullan, Irene J. MacMullan, Hazel E. Simpkins, Dorothy M. Simpkins, Ilah M. Simpkins, Florence L. Simpkins and Grace W. Simpkins, share and share alike, perstirpes and not per capita, the issue of any deceased niece taking the share which said deceased niece would have taken if she had lived; provided, however, that none of my said nieces shall receive and be paid her share of the corpus of my estate until she shall have attained the age of twenty-five years; and if any of my said nieces should survive me but die before attaining the age of twenty-five years without leaving lawful issue, the distributive share of the one so dying shall be divided equally among the surviving nieces hereinbefore named, share and share alike, per stirpes and not *Page 576 per capita, the lawful issue of any deceased niece taking the share which such deceased niece would have taken and received if she had lived; but payment and distribution of the share of any deceased niece in and to the corpus of my estate, who shall have survived me but who shall have died before attaining the age of twenty-five years without leaving lawful issue, shall not be made to any of the surviving nieces who has not attained the age of twenty-five years, and each of said surviving nieces shall be paid her share upon attaining the age of twenty-five years.
"The aforesaid direction for withholding distribution to each of my aforesaid nieces of her share of the corpus of my estate until she shall attain the age of twenty-five years shall apply also to the lawful issue of any deceased niece aforesaid who shall be entitled to take the share of his or her parent hereunder; it being my general purpose, desire and intent that no niece or grandniece or grandnephew shall receive and be paid his or her share of the corpus of my estate until such niece or grandniece or grandnephew shall have attained the age of twenty-five years."
The decedent died on July 10th, 1931, unmarried and without issue; three of the nieces named by testator in paragraph 10 of the will are daughters of his sister Grace MacMullan, and the other five nieces are daughters of his sister Hazel Simpkins.
There were two other sisters of the testator who survived him, Irene Hitner Grant and Emmeline Hitner Mulvey, neither of whom then had living issue. His sister, Grace A.R. Hitner MacMullan had, in addition to three daughters, a son; and his sister, Hazel J. Simpkins had, in addition to her five daughters, two sons.
The question as to the meaning of the tenth paragraph of the testator's will arises because of the language of this paragraph giving testator's estate to eight nieces, by name, "share and share alike, per stirpes and not per capita," the issue of any deceased niece taking the share which said deceased niece would have taken had she lived. This use of the phrases "share and share alike" and "per stirpes and not per capita" is inexact. "Per stirpes" as defined in Bouvier's Law Dictionary means:
"By or according to stock or root; by right of representation. When descendants take by representation of their parent, they are said to take per stirpes; that is, children take among them the share which their parent would have taken, if living." *Page 577 
The testator apparently intended to direct an equal division of his estate among his eight nieces because he named them without reference to the parent. It would seem that if he had intended to divide them into classes, and give one-half of his estate to the three daughters of his sister, Mrs. MacMullan, and the other one-half of his estate to the five daughters of his sister, Mrs. Simpkins, he would have directed a division among the daughters of these two sisters "per stirpes and not per capita,"
omitting the phrase "share and share alike."
It is well established that the intentions of a testator are all important, and the court must do everything in its power to discover them and see that they are carried out if it is possible.
In the seventh paragraph of testator's will (which was ineffective because the testator had no children), I find he used the following language:
"I direct that the corpus of my estate and all undisbursed accrued income thereon shall be divided among any children I may have, share and share alike, per stirpes and not per capita, the issue of any deceased child taking the share which such deceased child would have taken if he or she had lived."
The same language is used in the same inexact way as in paragraph 10.
Paragraph 11 of the will reads:
"If my aforesaid nieces, under the provisions hereof, become entitled to share among them the corpus of my estate, the income derived from my estate shall be paid by my executors hereinafter named in equal shares to my aforesaid nieces or to the lawful issue of any deceased niece aforesaid, per stirpes
and not per capita, until he or she becomes entitled to receive and be paid his or her distributive share of the corpus of my estate as hereinbefore directed and provided for."
In this provision of the will there seems to be a proper use of the language "per stirpes and not per capita" and clearly indicates an equal division of the income from the estate among these nieces if living, and it would appear to be *Page 578 
not the intention of the testator to make a division of the income of his estate to the nieces different from that of thecorpus.
A reading of these other paragraphs of the will clearly indicates to me that it was the intention of the testator under the tenth paragraph of the will in question to provide for an equal division of the estate among these eight nieces so that they would each receive a one-eighth part thereof. There seems to be no reported New Jersey case exactly in point, but a somewhat similar use of the language used in this will was used in a will in a Rhode Island case. In that will the language used in disposing of the residue of the estate was as follows:
"I give, devise and bequeath to my said wife and to my sons and daughters, their heirs and assigns, forever, share and share alike, per stirpes, and not per capita."
After considering the language in conjunction with the structure of the will itself, and holding that the widow and each of the sons and daughters of the testator individually took one-sixth of the residuary estate, the court said:
"The primary and natural construction of this technical phrase is to consider it applicable to the issue of the children, in the event of the decease of their parent before the testator, rather than to the children of the testator. Whatever ambiguity there is arises from the inexact use of a legal phrase. Without this phrase the meaning of the clause is clear, and is expressed in language easily understood by a layman. If the two phrases are irreconcilable, that construction should be preferred which gives effect to the expression of intention made in plain and ordinary terms rather than in technical phraseology." Petition of Gee,44 R.I. 132.
My conclusion is that under the tenth paragraph of the will in question the division of the estate should be in equal shares among the eight nieces named. *Page 579