No. 13239

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

IN THE MATTER OF THE ESTATE OF
LAURA M. DYGERT, Deceased.

---

Appeal from: District Court of the Fifth Judicial District,
Hon. Frank E. Blair, Judge presiding.

Counsel of Record:

For Appellant:

Chester L. Jones, County Attorney, Virginia City,
Montana

For Respondent:

Morrow, Nash and Sedivy, Bozeman, Montana

Argument submitted on briefs.

---

Submitted: April 20, 1976

Decided: MAY 13 1976

Filed: MAY 13 1976

*Thomas J. Kearney*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the district court, Madison County, granting attorney fees and costs to an unsuccessful applicant for letters of administration.

Laura M. Dygert, an 87 year old resident of Madison County, died on May 9, 1975. She had been in a nursing home several years before her death and during that period a guardianship had been established to protect her estate and care for her needs. By agreement of her relatives, Dan Vernon McLean had been appointed guardian of her estate. McLean is the son-in-law of Marie Paugh, a niece of Laura Dygert.

On May 12, 1975, McLean applied to the district court for appointment as special administrator for the probate of the will and for letters of administration. Marie Paugh, a niece and legatee, filed a petition nominating McLean, alleging that Pershing Pankey, a California resident, joined in that nomination. Pershing Pankey is a legatee and the residuary devisee and legatee under the will of Laura M. Dygert.

Three days later, on May 15, 1975, Pershing Pankey, acting through his attorney Chester Lloyd Jones, filed objections to the appointment of McLean by reason of alleged misconduct in the handling of the guardianship. On May 20, 1975, a petition for probate of will and for letters of administration was filed by Chester Jones, as nominee of Pershing Pankey.

Shortly thereafter Marie Paugh filed a withdrawal of petition, along with McLean, for the appointment of McLean as administrator and on June 11, 1975, filed objections to the appointment of Chester Lloyd Jones as administrator. On that same date she filed her own petition to be appointed.

Hearing was held on the applications and objections and thereafter the court issued an order appointing Chester Lloyd

Jones to serve as administrator with will annexed and he proceeded to probate the estate.

On August 1, 1975, Marie Paugh, the unsuccessful petitioner, submitted a claim to Chester Jones in the amount of $466.34 for her costs of filing, publication and attorney fees. The claim was rejected and Marie Paugh filed a petition for allowance of the claim under the provisions of section 91A-3-806, R.C.M. 1947, Montana Uniform Probate Code. Objections were filed by the administrator. The district court rendered a decision allowing costs in the amount of $32.20 and attorney fees in the amount of $300. This appeal followed.

The sole issue is whether an unsuccessful applicant for letters of administration is entitled to be paid attorney fees and costs out of the estate of the decedent?

We answer in the negative. There is no direct authority in Montana on this point, so we look to other jurisdictions. As a matter of public policy it would be unwise to allow the funding of litigation out of an estate residue.

The courts are not in agreement as to whether attorney fees incurred in proceedings to determine who should be appointed to administer an estate are allowable as charges against the estate. The annotation at 90 A.L.R. 101, (Pingree v. First Savings Bank of Ogden, 82 Utah 437, 25 P.2d 937) notes that a decedent's estate may not be charged with expenses incident to litigation between rival claimants of the right to letters of administration.

Pingree was cited and discussed by this Court in In re Ruane's Estate, 125 Mont. 204, 233 P.2d 400, where the administratrix of the estate appealed from a disallowance of certain expense items after submitting her first annual account and her attorney appealed the district court's failure to allow him travel expenses from his home to the probate court where the estate was

- 3 -

being administered. This Court found the litigation that ensued in a contest to administer the estate was not in anywise beneficial to the estate or the beneficiaries and the district court properly rejected attorney fees and expenses for conducting that litigation.

We note that sections 93-8601 and 91-3405, R.C.M. 1947, which were in effect at the time of the hearing for letters of administration should be considered. Section 93-8601, permits the determination and allowance of attorney fees for "administrators, executors, guardians, and trustees, and agents appointed by the court." Emphasis here should be made to the words "appointed by the court." Under the language of the statute, there is no authority for payment of fees to an unsuccessful applicant.

Section 91-3405, R.C.M. 1947, provides for determination of attorney fees by the court to be allowed to the executor or administrator, but not to any party applying for those positions.

Montana's recently enacted probate code, section 91A-3-713(21), allows the personal representative to employ an attorney. Section 91A-3-721 provides for attorney fees to a personal representative for defending or prosecuting any proceeding, and grants protection to the personal representative insofar as attorney fees and costs are concerned. However, even under the new probate code, we can find no authority to pay a contestant or an unsuccessful applicant costs and attorney fees.

The order of the district court allowing the claim is reversed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 4 -

IN THE SUPREME COURT OF THE STATE OF MONTANA

---

No. 13239

---

IN THE MATTER OF THE ESTATE OF LAURA M. DYGERT,
Deceased,

---

ORDER

---

FILED

MAY 26 1976

*Thomas J. Kearney*
CLERK OF SUPREME COURT
STATE OF MONTANA

IT IS ORDERED that the above captioned opinion be amended in the following manner:

On page 4, line 3 from the end of the opinion, which reads: "ful applicant costs and attorney fees.", please strike the words "costs and" so the line will read "ful applicant attorney fees."

On the last line of the opinion on the same page, strike the period after the word "reversed" and add "with each side to pay their own costs."

DATED this 26th day of May, 1976.

_____
Justice

_____

_____

_____
Justices