No. 84-542

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

IN THE MATTER OF THE ESTATE OF

ETHEL E. EVANS, Deceased.

_____

APPEAL FROM: District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Robert Boyd, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Morrow, Sedivy & Bennett; Lyman H. Bennett, III,
Bozeman, Montana

For Respondent:

John L. Hollow, Helena, Montana
M.K. Daniels, Deer Lodge, Montana
Thomas R. Scott, Dillon, Montana

Submitted on Briefs: May 9, 1985

Decided: July 12, 1985

Filed: JUL 2 5 1985

*Ethel M. Harrison*

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Co-personal representative, daughter of the decedent, appeals from an order of the Third Judicial District, Powell County, requiring distribution of the residuary estate in equal one-eighth (1/8) shares to decedent's named grandchildren. The order denied reimbursement for attorney fees and costs incurred by appellant.

We affirm.

Appellant has asked this Court to consider two issues:

1. Does decedent's will require a distribution in equal shares to all eight named grandchildren or an equal distribution to the two branches of the residuary devisees?

2. Is appellant entitled to attorney fees and costs in the District Court and on appeal in prosecuting this action outside the probate?

Ethel E. Evans, a widow, duly executed her last will and testament in Deer Lodge, Montana, on April 28, 1983. She died November 25, 1983, at the age of eighty-six, survived by two daughters, eight grandchildren, and a number of great-grandchildren. Her son, Charles Evans, predeceased her without issue.

Her will was admitted to probate December 1, 1983, in the District Court of the Third Judicial District. Her two daughters, Lois E. Geary of Deer Lodge, Montana, and Meryl Kovatch of Hastings, Nebraska, were appointed co-personal representatives with directions "to act without bond or other security for the faithful performance of their duties."

Co-personal representatives hired the attorney who had prepared the will to handle the probate of the estate. Upon disagreement on distribution of the estate, Meryl Kovatch

2

filed a petition September 5, 1984, stating that she had hired independent legal counsel. Her petition noted her disagreement with the other representative and "the attorney of the estate" about the interpretation of the will. She asked for an order distributing the residuary estate one-half to her two children and one-half to the six children of her sister, Lois Geary. She also requested "reasonable attorney fees from the estate in addition to any other attorney fees that may be allowed in the probate of the estate."

Following extensive briefs, a hearing September 20, 1984, and subsequent memoranda, the court issued its order October 25, 1984. The court concluded that the "language of the will taken as a whole" clearly and unambiguously required distribution of the residuary estate in "one-eighth equal shares to the named grandchildren" and that parol evidence was unnecessary. Further, the court found that petitioner was acting on behalf of her children and not the estate and therefore was not due attorney fees and costs.

Issue No. 1: Distribution of Residuary Estate. In Paragraph I, Mrs. Evans listed her heirs and their relationship to her. She also stated that her only son had predeceased her without issue. Paragraph II governed the appointment of both her daughters as co-personal representatives. Mrs. Evans disposed of her estate in Paragraph III: (1) specific devises of $10,000 each to her two named daughters with any taxes to come from the residuary estate; (2) directions to sell real and personal property with a plan to allow a fair chance for all her heirs to purchase; and (3) the residue of the estate to her grandchildren.

The provisions of the will under question follow:

## "I.

"I am a widow. My son, Charles Evans predeceased me, leaving no issue. My surviving heirs are as follows: My daughter LOIS GEARY, Deer Lodge, Montana, who has the following children, to-wit: RICHARD M. GEARY, Helena, Montana, JOYCE M. SCOTT, Grangeville, Idaho, ROBERT E. GEARY, Helena, Montana, ELAINE M. OLSEN, Helena, Montana, JOAN C. SMITH, Missoula, Montana, and DANIEL C. GEARY, Helmville, Montana; and my daughter, MERLE [sic] A. KOVATCH, Hastings, Nebraska, who has the following children, to-wit: THOMAS S. KOVATCH, Missoula, Montana, and JAMES P. KOVATCH, Hastings, Nebraska.

". . .

## "III.

"I devise my estate as follows:

"To each of my daughters, LOIS E. GEARY and MERLE [sic] A. KOVATCH, I give the sum of Ten Thousand Dollars ($10,000). Any death or inheritance tax to which said devisees may be subject shall paid from my residuary estate.

". . . [Provision on liquidation of property.]

"All of the rest, residue and remainder of my estate, real, personal and mixed, of every nature, kind and description, wherever situated and however held, which is and may be subject to my testamentary disposition at the time of my death, I give to my grandchildren, Richard M. Geary, Joyce M. Scott, Robert E. Geary, Elaine M. Olson, Joan C. Smith, Daniel C. Geary, Thomas S. Kovatch and James P. Kovatch, in equal shares, per stirpes and not per capita." (Emphasis added.)

Appellant contends that the language "per stirpes and not per capita" requires a distribution according to the "roots of inheritance" set out in Paragraph I, i.e., her daughter Lois Geary who has six children and her daughter Meryl Kovatch who has two children.

4

Respondent contends that the grandchildren were specifically named as takers in the residuary provision and not segregated into separate classes in the devise. Paragraph I denotes the usual family history and not how the grandchildren are to take under Paragraph III. Since the grandchildren are the primary legatees, "per stirpes" refers to how their issue would take as substitute legatees should one grandchild predecease the testatrix, respondent contends. "Per stirpes" does not refer to the living ancestors, testatrix's daughters, who are not takers under this provision.

We hold that the testatrix clearly intended her grandchildren to take in their own right equally and not by right of representation through their living parents.

The words "per stirpes" mean by the root or stock. The phrase denotes a taking by right of representation of that which an ancestor of the parties would take if living. Wood v. Brown (Cal. 1946), 162 P.2d 859, 861. Persons who take per stirpes do so in a representative capacity and, standing in the place of a deceased ancestor, take only what he would have taken had he lived. Makoff v. Makoff (Utah 1974), 528 P.2d 797, 799; Gustafson v. Swenson (Mass. 1976), 347 N.E.2d 701, 703; In re Robins Estate (D. D.C. 1941), 38 F.Supp. 468, 471.

Ordinarily the words "per stirpes" are used to denote substitution in case of the death of the primary legatee. When descendants take by representation of their parents, they are said to take "per stirpes," i.e., children take among them the share which their parent would have taken if living. Fidelity Union Trust Co. v. Farley (N.J. 1940), 13 A.2d 313, 315. "Per stirpes" is not applicable to named legatees or legatees designated as a class, but rather to

their descendants by representation. The ordinary use of "per stirpes" relates to the distribution of substantial gifts to substituted legatees in case of death of the primary legatee. Johnson v. Swann (Md. 1956), 126 A.2d 603, 606.

The intention of the testator should control the disposition and the intent should "be found from all parts of the will . . . construed in relation to each other . . . to form one consistent whole." In the Matter of the Estate of Erdahl (Mont. 1981), 630 P.2d 230, 231, 38 St.Rep. 978, 980.

Appellant asks for a strained construction of the will to determine intent of the testatrix. Mrs. Evans named her grandchildren to take "in equal shares" the entire residuary estate. She made limited equal specific devises to her daughters as all they would take under her will. Her daughters were not named to take under the residuary provision, and under Montana's antilapse provision would never take the residuary estate under the will. Sections 72-2-512 and 72-2-513, MCA. She did not expressly provide that the grandchildren were to take by relationship to their mothers and not in their own name.

The fact that the ancestors (here Mrs. Evans' daughters) are living shows that the beneficiaries are not to take in their place and that they are referred to for the purpose of designating the beneficiaries. People's National Bank of Greenville v. Harrison (S.C. 1941), 18 S.E.2d 1, 6. When a gift in a clause "in equal shares, share and share alike," to twelve persons was designated by name and as descendants of other persons, the court in Rhode Island held that this required a division into twelve shares for distribution. Naming the ancestors merely identified the legatees and did not divide them into classes with the intention that each

6

class take one-third. Winsome v. Brown (R.I. 1927), 136 A. 434, 436-437. Where beneficiaries take directly under a devise, they take as individuals and not in their representative capacity and if the testator(rix) provides that it shall be in equal proportions, then they take equally. Coppedge v. Coppedge (N.C. 1951), 66 S.E.2d 777, 780.

Other jurisdictions have interpreted language similar to the provision in Mrs. Evans' will. Where a will stated "share and share alike, per stirpes, and not per capita," the New Jersey court held that the distribution would go equally to each niece in 1/8 shares and not 1/2 to three daughters and 1/2 to the other five daughters on another branch. Camden Safe Deposit & Trust Co. v. MacMullan (New Jersey 1933), 165 A. 105, 106. The New York court interpreted language, "and to the issue of such as may have died leaving issue them surviving, per stirpes and not per capita," to intend that the stirpital distribution should apply only to the issue of any deceased devisees who themselves take as a single class with equal shares. In re Title Guarantee & Trust Co. (New York 1914), 144 N.Y.Supp. 889, 893, aff'd 106 N.E. 1043.

In a later case, the New York court interpreted "per stirpes and not per capita" following a bequest to nieces and nephews "share and share alike," as not relating back to the immediate ancestors of the nieces and nephews for distribution. Rather, it does not go back past the class that are the legatees. In re Ives' Estate (New York 1936), 291 N.Y.Supp. 981, 983.

Mrs. Evans' will, taken as a whole, showed fairness and equality. She treated her daughters equally in the specific devises, although one lived close by, the other in Nebraska.

7

She appointed both daughters to administer the estate co-equally, without bond. In providing a method by which her descendants could purchase her real and personal property without unnecessary wrangling, at an appraised price, she determined priority of choice would "be according to age in case the same items if [sic] desired by two or more of my heirs." She showed no preference for "stock," "stirp," or branches of devisees.

Finally, she named each of her grandchildren, without separating into categories, to take "in equal shares." There is no indication in the provision or the will in its entirety of intention to favor the less prolific stock. "Intention of the testator controls." Section 72-2-501, MCA. The attorney who drafted the will in representing the estate supports the position that it was Mrs. Evans' intention to devise the residue to all eight grandchildren equally.

Mrs. Evans named her heirs in order to identify the devisees. She did not divide them into classes. Taking directly under the devise, the grandchildren take as individuals and not in their representative capacity. Their issue, Mrs. Evans' great-grandchildren, would have taken "per stirpes" (in a representative capacity) should a grandchild have predeceased testatrix. Mrs. Evans' daughters are living, are not named devisees under the residuary provision, and are not intended "stirp" for purposes of determining distribution. The grandchildren are not taking what their mothers are entitled to, but what they in their own names are to take "in equal shares" under the will. The District Court correctly interpreted the will to apportion eight equal individual shares to Mrs. Evans' grandchildren.

<u>Issue</u> <u>No.</u> <u>2</u>: <u>Attorney</u> <u>fees</u> <u>and</u> <u>costs</u> <u>in</u> <u>the</u> <u>District</u> <u>Court</u> <u>and</u> <u>on</u> <u>appeal</u>. Meryl Kovatch as a co-personal representative was a fiduciary of the estate with the duty to settle and distribute the estate according to the terms of the will and the code in the best interests of the estate and of the successors to the estate. Section 72-3-610, MCA. By admission in her petition, she sought independent legal counsel to propose an interpretation contrary to that propounded by the attorney for the estate who had also drafted the will.

Appellant contends that she was a duly nominated personal representative who prosecuted this proceeding in good faith and thus is entitled to costs and attorney fees in the District Court and on appeal pursuant to § 72-3-632, MCA. We disagree. Where there are two or more appointed co-representatives, concurrence is required on all acts connected with the administration and distribution of the estate. Section 72-3-622, MCA. Without the concurrence, Mrs. Kovatch was not acting on behalf of the estate. She undertook this cause to benefit some of the successors at the expense of others. She compromised her duty to settle and distribute the estate expeditiously and efficiently pursuant to her fiduciary duties of § 72-3-610, MCA, and thwarted the purpose of the code to promote efficiency in liquidation and distribution. Section 72-1-102, MCA. "[A]s a matter of public policy, it would be unwise to allow the funding of litigation out of an estate residue." In the Matter of the Estate of Dygert (1976), 170 Mont. 31, 33, 550 P.2d 393, 394.

Finally she is not a "party aggrieved" within Rule 1, M.R.App.Civ.P., for purposes of this appeal. While a personal representative may request the District Court to interpret

9

the will under § 72-3-605, MCA, Mrs. Kovatch has no standing to appeal the resulting court order. Because she is not a residuary devisee, she has no interest adversely affected by the order.

We hold that the court properly interpreted the provision in testatrix's will devising the residuary estate in equal shares to her eight named grandchildren. We hold that appellant did not prosecute this action in good faith as a fiduciary of the estate and its successors, and thus the court properly denied attorney fees and costs.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

10

Mr. Justice Fred J. Weber dissents as follows:

In substance the majority concludes that it is fair to distribute the property equally to all eight grandchildren so that no grandchild obtains a greater share than any other. That is an attractive analysis. However, it does not address directly the contradictions in language contained in the will.

In pertinent part, the will provides:

> "All of the rest, residue and remainder of my estate . . . I give to my grand-children, Richard M. Geary, Joyce M. Scott, Robert T. Geary, Elaine M. Olsen, Joan C. Smith, Daniel C. Geary, Thomas S. Kovatch and James P. Kovatch, in equal shares, per stirpes and not per capita."

The majority concludes that this provision indicates a clear intent that the grandchildren take in their own right and not by any representation through their living parents, who are the daughters of the deceased. I do not believe that conclusion can be drawn from the wording itself.

The majority does not discuss the definition of the words "per capita." 4 W. Bowe and D. Parker, Page on the Law of Wills § 36.6, at 556 states:

> "A distribution per capita is an equal division of the property to be divided among the beneficiaries, each receiving the same share as each of the others, without reference to the immediate course of descent from the ancestor. A distribution per capita is an equal division among the beneficiaries, each receiving the same share as the others."

It is important to note that a distribution "per capita" is an equal division among the named parties. As a result the words "not per capita" as used in the will clearly indicates that the devise is not to be in equal shares to all eight grandchildren.

The will provision states that the testatrix gives the property in equal shares, per stirpes. Under the definition

11

of per stirpes contained in the majority opinion, that is the same as stating that she gives to her grandchildren, with one-half in equal shares to the children of her daughter Lois, and the remaining one-half in equal shares to the children of her daughter Meryl. That interpretation is consistent with the words "not per capita," which in substance means that the property is not to go in equal shares to all eight grandchildren.

My conclusion is that the quoted will provision provides a per stirpes distribution under which one-half would go to six of the children, equally, and the remaining one-half would go to two of the children, equally.

Considering the other provisions of the will as well, I conclude that the quoted clause is contradictory or at least ambiguous, and that additional evidence should be obtained to determine the intent of the testatrix. I would remand the cause to the District Court for further proceedings to establish such intent.

_____
Justice

I concur in the foregoing dissent of Mr. Justice Weber:

_____
Justice

12