In the Matter of the Accounting of THE NEW YORK TRUST. COMPANY, as Trustee under the Will of CORTLANDT F. BISHOP, Deceased. AMY B. BISHOP et al., Appellants; THE NEW YORK TRUST COMPANY, Individually and as Trustee under the Will of CORTLANDT F. BISHOP, Deceased, et al., Respondents.

Submitted November 20, 1950; decided November 30, 1950.

*John B. Doyle* for motion. I. The Appellate Division knew, from the record before it, that there was only $6,806.48 in the income account as of October 22, 1946. The order of the Surrogate, therefore, provided that the trustee charge the sum of $7,868.70 " against the income of said trust on hand as of the

last day of said account, and accrued and to accrue thereafter ''. This was a judicial act, not merely ministerial. II. The provisions of section 310 of the Surrogate's Court Act are harmonized with those of section 591 of the Civil Practice Act in this case only if the Surrogate's decree is the appealable paper.

*Henry L. Ughetta, II,* for New York Trust Company, in opposition to motion. I. The notice of appeal was served more than sixty days after service upon the attorney for the appellants of the order of the Appellate Division with notice of entry (Civ. Prac. Act, § 592). II. Appellants attempt to appeal as of right (under Civ. Prac. Act, § 588, subd. 1) and thus the appealable paper is the order of the Appellate Division (§ 591, subd. 2). III. The order of the Appellate Division is a final determination (under Civ. Prac. Act, § 584). (*Matter of Westberg,* 279 N. Y. 316.) The entry of a Surrogate's Court order on remittitur, with taxation of costs, was merely a matter of form. IV. The order of the Appellate Division did not remit the matter to the Surrogate's Court for entry of a further decree (as was done in *Matter of Ewald,* 292 N. Y. 512; *Matter of Carpenter,* 296 N. Y. 743; and *Matter of Lawrence,* 297 N. Y. 596).

*George W. Martin* for Home for Incurables, in opposition to motion. All that was necessary in the Surrogate's Court, and all that was done there, was to enter an order making the order of the Appellate Division the order of the Surrogate's Court and taxing costs — a purely ministerial act.

*Per Curiam.* In this proceeding to settle its accounts as trustee, the New York Trust Company filed a claim for legal services which it incurred in a successful defense of an action brought against it individually by income beneficiaries. The Surrogate refused to allow that claim.

The trust company thereupon appealed to the Appellate Division from so much of the decree of the Surrogate's Court as sustained the objections to the payment of the claim of the trustee. The Appellate Division reversed on the facts and law by an order which reads in part as follows: '' ORDERED and ADJUDGED that the decree so far as appealed from be and the same hereby is reversed, on the facts and on the law, and that the objections filed by the respondents to the payment by said trustee of said sum of $7,868.70, be and the same hereby are

overruled, except that said sum shall be made a charge against the income of the said trust and not against the principal thereof, with costs to the appellant and to the respondents, Foundation for the Investigation of Chronic Pulmonary Diseases, Inc., The Trustees of Columbia University in the City of New York, Memorial Hospital for the Treatment of Cancer and Allied Diseases, and Home for Incurables, payable out of the principal of the trust fund.''

The order was entered on July 7, 1950, and was served upon counsel for the appellants on July 10, 1950. On October 3, 1950, the Surrogate entered his decree upon the order of the Appellate Division.

The appellants (the income beneficiaries) served upon the respondents a notice of direct appeal from the order and decree of the Surrogate. This notice of appeal was served upon each of the respondents on October 30, 1950. On October 31, 1950, the corporate respondents and the Trustees of Columbia University returned the copies of the notice of appeal upon the ground that the notice of appeal was not served in time and that appeal to this court did not lie from the order and decree of the Surrogate's Court.

Thereupon the present motion was made to compel acceptance of service of the notice of appeal. The position of the respondents is that the appealable paper in this case was the order of the Appellate Division. In that view, the respondents are right for the order of the Appellate Division contemplated no further judicial action and so was a final order appealable to this court as of right (Civ. Prac. Act, § 591; *Matter of Westberg,* 279 N. Y. 316). If, however, the order of the Appellate Division had contained a direction remitting the case to the Surrogate's Court for entry of a decree, such decree would have been the appealable paper (cf. *Matter of Ewald,* 292 N. Y. 512; *Matter of Carpenter,* 296 N. Y. 743; *Matter of Lawrence,* 297 N. Y. 596).

The motion to compel acceptance of notice of appeal should be denied, with $10 costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Motion denied.