In the Matter of the Construction of the Will of ASHER B. HALLOCK, Deceased. FRED A. GILOTH, as Executor of FLORENCE Y. GILOTH, Deceased, Respondent; FRANK D. HALLOCK, Appellant.

Argued January 20, 1955; decided March 10, 1955.

*Pierre G. Lundberg, Syrena H. Stackpole* and *Reginald C. Smith* for appellant.

*David H. Gilmartin* and *James R. Caruso* for respondent.

FROESSEL, J. The sole residuary legatee under the last will and testament of Asher B. Hallock, deceased, appeals from an order of the Appellate Division, Second Department, unanimously reversing, on the law, a decree of the Surrogate's Court of Suffolk County in a will construction proceeding. The Appellate Division, disagreeing with the Surrogate, construed the will as providing that the sum of $1,000, which decedent directed his executors and trustees to pay to his niece following the death of his wife, indefeasibly vested in the niece upon testator's death. It remitted the proceeding " to the Surrogate's Court for the *determination* of allowances, costs and *interest,* and entry of decree " (emphasis supplied).

Were the Appellate Division order final within the meaning of the Constitution, its order would be the appealable paper, notwithstanding the fact that it remitted the case to the Surrogate's Court for entry of a decree (Civ. Prac. Act, § 591, subd. 2, as amd. by L. 1953, ch. 417). The rule was otherwise prior to said 1953 amendment (*Matter of Mittelstaedt,* 304 N. Y. 795; *Matter of Bishop,* 301 N. Y. 498).

In this case, however, further judicial action is contemplated by reason of the remission for the " determination " of " interest ". Remission for the determination of the costs and allowances would not affect finality, since the Surrogate in his decree expressly reserved these matters " for supplemental decree ", in accordance with the authority granted by section 278 of the Surrogate's Court Act. Remission for the purpose of *determining interest,* however, renders the Appellate Division order nonfinal.

The fixation of interest on the legacy is governed by the second paragraph of section 218 of the Surrogate's Court Act. There it is provided, so far as pertinent here, that interest on a legacy shall be " at the rate of three per centum per annum unless the delay in payment was unreasonable, in which event interest shall be at the legal rate for the period of such unreasonable delay ". This is clearly a discretionary matter with the Surrogate which he has not yet passed upon. Appellant, in his answer to the petition, stated that if " it should be determined that the Estate of Florence Young Giloth is entitled to the sum of One Thousand ($1,000.) Dollars, interest be limited from April 28, 1953, the date on which letters testamentary therein were issued ". In the Appellate Division, appellant devoted his entire Point V to this question of interest, as did respondent Point III of his brief. Yet the Appellate Division made no determination of this question but remitted it to the Surrogate's Court for " determination ". Respondent in his brief before us claims that interest should be fixed at 3% for the first sixty days following the life tenant's death and at 6% thereafter. We of course have no power to determine this matter of interest, and until it is fixed by the Surrogate's Court, for which purpose the Appellate Division remitted it, there is clearly absence of finality in the order appealed from (Cohen and Karger, Powers of the New York Court of Appeals, § 11, particularly at pp. 45–46). In view of section 278 of the Surrogate's Court Act and the Surrogate's decision herein, the matter of allowances and costs was definitely severed. We may not imply a severance as to interest, which is equivalent to damages for failure to pay the legacy when due.

Accordingly, the appeal should be dismissed upon the ground that the order appealed from does not finally determine the proceeding within the meaning of the Constitution, with costs to respondent-petitioner payable out of the estate.

CONWAY, Ch. J., DESMOND, DYE, FULD, VAN VOORHIS and BURKE, JJ., concur.

Appeal dismissed, etc.