Clifton F. WEIDLICH, Appellant,

v.

Arthur M. COMLEY, Appellee.

No. 291, Docket 25045.

United States Court of Appeals
Second Circuit.

Argued April 24, 1959.

Decided May 29, 1959.

Clifton F. Weidlich, New York City, pro se.

Frederick L. Comley, Bridgeport, Conn., for appellee.

Before HAND and LUMBARD, Circuit Judges, and ANDERSON, District Judge.

HAND, Circuit Judge.

This is an appeal from a judgment of the District of Connecticut (Smith, J. presiding) approving the accounts filed by the defendant, as trustee for seven shareholders of a dissolved Connecticut corporation, in an action brought by the assignee of one of the shareholders. The seven shareholders of the corporation, Weidlich Bros. Mfg. Co., had decided to wind up its business, and three of them to wind up the business of a partnership that they had been conducting separately. For tax purposes the seven shareholders decided to keep a part of the

corporate assets in the corporation and to distribute the remaining assets among themselves. The corporate assets so distributed they in turn transferred to Comley, the defendant, as trustee, to sell. The three partners also dissolved the partnership, naming one of the three as liquidator, whom they authorized to appoint Comley as his agent. Comley took charge of the corporate and firm assets in 1950, and proceeded to liquidate both. The plaintiff who, as we have said, is the assignee of one of the shareholders—also a partner—brought this action against Comley, as trustee for the shareholders and as agent of the partners, charging him with mismanagement; largely because he disposed of the assets piecemeal instead of in bulk. The defendants other than Comley were charged as parties to his mismanagement.

The action came on for trial before Judge Smith, who granted judgment in 1952 disposing of a number of contentions that had arisen, and in addition deciding "all of the issues between the plaintiff and the defendant, Arthur M. Comley individually * * * in favor of said defendant." The fourth paragraph of the judgment directed the defendant to distribute the assets "of said trust * * * in accordance with the terms and provisions of said trust agreement and thereupon render to the beneficiaries of said trust a final accounting," and it is from the order approving the account so filed that this appeal arises.

 The plaintiff's first point is that Judge Smith did not retain jurisdiction, supplementary to his original judgment, to pass on the account. However, since it was the plaintiff who challenged the propriety of the defendant's conduct as trustee, it would be strange if the court who had been asked to pass on the controversy did not have power finally to decide the issues it involved. Indeed, it is not necessary to depend upon that circumstance, for a "trustee is entitled to have the accounts of his administration of the trust examined and settled by the court." Restatement of Trusts § 260. One of the chief sources of equity jurisdiction was the supervision of trusts, themselves the creation of the court of chancery. We can understand that in an action brought by a trustee to have his account passed it might be thought a valid objection that he had not joined all the beneficiaries; but in the case at bar that is not the situation. It is the plaintiff, as beneficiary, who is seeking to charge the trustee for his malfeasance. He brought his action for himself alone, and, as the defendant does not object, it is impossible to understand on what theory the plaintiff can complain that the decision will not extend beyond those whom he has himself selected as his target.

 Coming then to the merits of the dispute, the plaintiff's first complaint is the allowance to the defendant out of the trust assets of his expenses in defending himself in the action. The argument is that these expenses were incurred in the defendant's individual interest, and may not be charged against the trust. That completely misses the true situation: a trustee was appointed to administer the assets; the settlor selected him to do so, and whatever interferes with his discharge of his duty *pro tanto* defeats the settlor's purpose. When the trustee's administration of the assets is unjustifiedly assailed it is a part of his duty to defend himself, for in so doing he is realizing the settlor's purpose. To compel him to bear the expense of an unsuccessful attack would be to diminish the compensation to which he is entitled and which was a part of the inducement to his acceptance of the burden of his duties. This has been uniformly the ruling, so far as we have found. Jessup v. Smith, 223 N.Y. 203, 207, 119 N.E. 403; Matter of Bishop's Will, 277 App.Div. 108, 98 N.Y.S.2d 69; 301 N.Y. 498, 95 N.E.2d 817; Gordon v. Guernsey, 316 Mass. 106, 55 N.E. 2d 27; Scott on Trusts § 188.4. The appellant relies upon the decision of the Supreme Court of Connecticut in Clement's Appeal, 49 Conn. 519, 530, which declares that "To justify charging the

expense of defending that suit it should appear that it was defended in the interest and for the benefit of the estate." That language was used in the following circumstances. The executor of an estate resisted the collection of costs that had been awarded against the estate in an earlier action. He retained counsel, but after a delay abandoned his defence and paid the costs. The dispute was as to the expenses incurred while the action for costs was pending, and the court held that these could not be charged against the estate, because, there being no defence in fact, the executor had not shown that he had acted in good faith in his original contest of the claim. He had to prove that in making the contest he had acted "reasonably." Obviously the language relied on has no application to the case at bar, for the plaintiff's attack on the trustee's administration proved baseless and the trustee's resistance was justified.

In Matter of Ordway, 196 N.Y. 95, 89 N.E. 474, an administratrix was allowed as an expense that part of the cost of defending a claim eventually allowed against the estate which had been incurred before she learned or should have learned that the claim should have been paid. Such relevance as the case has at all favors the defendant. Brown v. Eggleston, 53 Conn. 110, 2 A. 321, seems to us to have even less relevance, if possible, to the case at bar.

So far as we can understand the plaintiff's argument against the amount of the credits allowed to the defendant, it is that the whole of Gormley's bill was allowed to the defendant as trustee for the shareholders, although in fact Gormley "acted for all five defendants including defendant Comley." In the defendant's original account, filed November 28, 1955, the charges of his firm were divided into three parts and only one-third—$1770.78—was credited to him as trustee for the shareholders. On the other hand, Gormley's whole charge of $2563.34 was allowed as a credit in that account. Moreover, an added credit of $333.33 was allowed, which was a third

of an additional sum of $1000, paid to Gormley. Apparently the original credit of $2563.34 was retained in the account, although the plaintiff insists that Gormley's services were not limited to the trust for shareholders. At most, so far as we can see, this would result in a surcharge of about $1700, on the assumption of the correctness of a division into thirds, which we accept and approve. The plaintiff does not point to any evidence showing for what Gormley's services were rendered; Gormley's own bill of January 21, 1952, does not show for whom he was acting. Therefore if there was in fact a mistake in not limiting the credit to one-third of $2500, the plaintiff has not proved it plainly enough to make the finding "clearly erroneous."

If the plaintiff wishes to apply to Judge Smith for this credit, our decision now will not prevent him, but on this record the judgment must be affirmed.

Judgment affirmed.