■ In the Matter of the Estate of JAMES H. CREA, Deceased. CATHERINE C. CORNELIUS, as Coexecutor of JAMES H. CREA, Deceased, Appellant; JAMES T. CREA, as Coexecutor of JAMES H. CREA, Deceased, Respondent.— Decree, insofar as appealed from, unanimously modified on the law and facts in accordance with the memorandum herein, and as so modified affirmed, without costs. Memorandum: Properly treating the indebtedness owed by respondent as representing money owed on a sale of goods the parties may show the terms of the oral agreement between respondent and testator relating to such indebtedness including price, terms of payment and dates for such payment, since complete delivery of the goods took the sale out of the statute. (Personal Property Law, § 85, subd. 1, par. [b]). Even though the terms of sale are uncertain at the time of delivery this does not render the contract unenforcible. (*Thallon & Co.* v. *Edsil Trading Corp.,* 302 N. Y. 390.) The later modification of the agreement between respondent and testator providing for repayment of the debt of respondent by payments of $75 per month, later raised to $90 per month for the rest of testator's life, effectively terminated respondent's obligation at the death of testator. An oral modification of a contract dealing with the sale of goods does not render the contract as modified subject to the statute even though the terms of payment and aggregate amount to be paid are changed. (*Bronis* v. *Grafton Light & Power Co.,* 156 N. Y. S. 1106.) The fact that appellant as coexecutrix participated in administrative decisions with respect to the assets of the estate which contributed to the delay in paying her $20,000 legacy, does not affect her right to interest on the legacy from seven months after letters testamentary were issued (Surrogate's Ct. Act, § 218). Any right to interest at 6% for unreasonable delay, which was subject to the discretion of the Surrogate (*Matter of Hallock,* 308 N. Y. 299), would be affected however by her own participation in such delay. Interest at 3% should be allowed appellant from March 15, 1964, seven months from August 15, 1963 when the letters were issued, to December 19, 1966, the date when the legacy was paid. (Appeal from certain parts of decree of Erie County Surrogate's Court dismissing objections to account.) Present — Del Vecchio, J. P., Marsh, Moule, Bastow and Henry, JJ.