Raymond C. Baratta, J.
In this proceeding a construction is sought as to whether one Francis Gelormino is entitled to any interest on $10,000 legacy and if so, from what date and at what rate.
Pursuant to the will of the decedent the residuary estate is left in trust with the direction that a certain monthly sum be paid from the income and profits and from so much of the principal as may be necessary to decedent’s sister-in-law and to decedent’s housekeeper (Pierce) during the term of her natural life (paragraph fourth of the will). The will further provides that "Following the death of both” Ackert and Pierce or in the event they should both predecease the testator, payment of certain legacies are directed. Among these legacies is one to Gelormino in the amount of $10,000 to be absolutely his only in the event he has attained the age of 30 years. In the event Gelormino had not attained the age of 30 then the legacy was to be held in trust with the trustee collecting the income and profits and upon Gelormino reaching the age of 30 pay to him the legacy plus all accrued income and profits.
The decedent died July 17, 1967, survived by Ackert and Pierce. The last remaining life beneficiary of the trust established by paragraph fourth, Ackert, died, in February, 1976.
Gelormino contends he is entitled to interest on his legacy from the date of death of the testator, July 17, 1967, at the rate of 6%. The residuary legatees contend that Gelormino is entitled to interest on his legacy only from the date of death of Ackert and at the rate of 3%.
The test in all construction proceedings is the intention of the testator as expressed in the will. (Matter of Thall, 18 NY2d 186; Matter of Larkin, 9 NY2d 88; Matter of Fabbri, 2 NY2d 236.) Intent must be gleaned not from a single word or phrase but from a sympathetic reading of the will in its entirety and in view of all the facts and circumstances under which the provisions of the will were framed. (Matter of Tonetti, 53 Misc 2d 501.)
Here, it is clear, Gelormino was not entitled to the legacy until following the death of both Ackert and Pierce. This event did not occur until February 25, 1976. Up until that time it could not be determined if there would be a fund out of which to pay the legacy, for the trustee was directed to pay *278 the monthly sums to the life beneficiary from income received and from principal if necessary.
It is now to be determined the amount of interest to be allowed the legatee, Francis Gelormino. EPTL 11-1.5 (subd [d]) fixes the rate, if none is fixed in the will, at 3% per annum, unless the delay in payment was unreasonable, in which case interest shall be at the legal rate for the period of such unreasonable delay. EPTL 11-1.5 (subd [d]) was derived from section 218 of the former Surrogate’s Court Act.
In this particular proceeding Gelormino was entitled to his legacy upon the death of Anna Ackert, February 25, 1976, and pursuant to the account filed with this court, payment of the legacy was not made until July 6, 1977.
The payment of the legal rate of interest is discretionary with the Surrogate upon a finding of unreasonableness. (Matter of Hallock, 308 NY 299; Matter of Crea, 33 AD2d 887.) No reason has been advanced by any of the parties herein as to why the payment of the legacy was not made for some 16 months either in the pleadings or in oral argument before the court.
The court finds, that absent a valid explanation for the delay, that same was unreasonable and therefore interest will be allowed on the legacy from the date of death of the last surviving beneficiary, February 25, 1976, until payment of the legacy, July 6, 1977, at the annual rate of 6%.
It should be noted that when EPTL 11-1.5 was enacted 6% per annum was the legal rate that had prevailed in New York. To this time no court has yet passed upon the question whether "legal rate” as used in EPTL 11-1.5, now connotes that prevailing rate fixed by the Banking Board and which may vary between 5 and 7½% per annum pursuant to the authority now conferred by section 14-a of the Banking Law. (9C Rohan, NY Civ Prac, par 11-1.5 [4].)