No. 99-363

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 113

229 Mont. 421

2 P. 3d 238

IN RE THE ESTATE OF LUCILE B. SNYDER,
Deceased.

LOIS K. SNYDER,

Appellant,

v.

NEIL E. SNYDER, Individually and as Personal

Representative of the Estate of Lucile B. Snyder,

Respondent.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Marge Johnson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Warren C. Wenz and Anna F. Creed, Marra, Wenz & Johnson, P.C.,

Great Falls, Montana

For Respondent:

Donald J. Hamilton, Jardine, Stephenson, Blewett & Weaver, P.C.,

Great Falls, Montana

———————————————————————

Submitted on Briefs: January 13, 2000

Decided: May 4, 2000

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1 Neil E. Snyder, heir and the personal representative of Lucile B. Snyder's estate, filed a proposed distribution of Lucile's estate in the District Court for the Eighth Judicial District in Cascade County. Lois K. Snyder, an heir to the estate, objected to the proposed distribution. Neil, in his capacity as personal representative, petitioned the District Court for an interpretation of Lucile's will. The District Court entered an order interpreting the will from which Lois appeals. We reverse the order of the District Court and remand for further proceedings consistent with this opinion.

¶2 The following issue is presented for review:

¶3 Did the District Court err when it concluded that Lucile intended to devise 51 percent of her interest in Snyder's, Inc. to her son, Neil, and the remaining 49 percent of her interest to her daughter, Lois?

FACTUAL BACKGROUND

¶4 Lucile B. Snyder died November 18, 1992. Lucile's children, Neil and Lois and her

grandchild, Lisa Renee Snyder, survived her.

¶5 Lucile's will, which she signed February 24, 1987, provides, in relevant part:

I devise all the rest, residue and remainder of my property, whether real, personal or mixed, of whatsoever nature and wheresoever situated, of which I die seized or possessed, or in which I may have any interest at the time of my death, to my two children, LOIS K. SNYDER and NEIL E. SNYDER, in equal shares, share and share alike.

Provided further, however, that should the business of Snyder Drug, 2500 6th Avenue North, in Great Falls, Montana, be not fully incorporated and stock certificates issued by Snyder's Inc., at the time of my death; then, in the division of my estate, the business of Snyder Drug and all property, real and personal connected therewith, shall be first set aside and go to make up the share of my estate which shall go to my son, NEIL E. SNYDER. If the valuation of said Store and assets connected therewith for Federal Estate tax purposes shall exceed the one-half (½) share to go to my son NEIL; then to the extent of such excess, the business of SNYDER DRUG and all property, real and personal connected therewith, shall nevertheless go and be distributed to my son NEIL, and be subject to a charge in favor of my daughter, LOIS K. SNYDER, which shall require my son, NEIL E. SNYDER, to pay LOIS K. SNYDER, the amount necessary to give her a full one half (½) of my total estate based upon the value thereof as finally determined for Federal Estate tax purposes. Unless otherwise mutually agreed upon by my children in writing, said NEIL E. SNYDER shall give to LOIS K. SNYDER a note, secured by a real and chattel mortgage on said Snyder Drug business, representing the amount owing to her which note shall be payable in equal semi-annual installments for a period not exceeding Ten (10) years and the unpaid balances of which shall bear interest at the rate of Five percent (5%) per annum.

If said business of Snyder Drug shall be owned by Snyder's, Inc., a Montana Corporation, at the time of my death; then and in that event, Fifty-one percent (51%) of my stock in said corporation, plus whatever amount thereof as is necessary to make a full share of such stock, shall be first apportioned and set aside to make up the share of my total estate which shall go to my son, NEIL E. SNYDER.

I make this provision because for many years last past my son, NEIL, has devoted

his full time and unusual sacrifice to the development of said business and therefore it is my will and desire that he have said business, or control of the corporate business as the case may be, *but without ultimately diminishing the equal distribution of my estate to my two children, whom I hold in equal regard.*

(Emphasis added.)

¶6 On November 25, 1992, the District Court admitted Lucile's will to probate, and Neil was appointed the personal representative. Neil filed a notice of proposed distribution in kind. On July 16, 1996, following a disagreement over the proposed distribution in kind, Neil, in his capacity as personal representative, petitioned the District Court for an interpretation of Lucile's will. Lois responded by filing an objection to the proposed distribution in kind, a petition for partition, and an objection to the petition for interpretation of Lucile's will.

¶7 On January 26, 1998, the District Court entered its order. The District Court found that Lucile's estate consisted, in part, of 189 shares of Snyder's, Inc., which owns and operates Snyder Drug, a small Montana business. The 189 shares represented the controlling interest in the business, which had been run by the Snyder family for many years. The District Court also found that, although Lucile owned the controlling interest, Neil had spent his career working in the business, and that Lois had never worked in the business and lived in Salt Lake City, Utah. The District Court concluded that:

> The residuary estate should be divided equally, share and share alike, with the specific provision that Neil receive 51% of the decedent's stock in Snyder's, Inc. . . . and that Lois receive the balance of decedent's stock. The personal representative must distribute the business shares in accordance with that specific intent as stated in the will. Once that specific devise is accomplished, the remainder of the residuary estate must be distributed in such a way that the two children receive equal shares, including the value of those business shares of stock. This provision which contemplates Neil receiving 51% of the shares of the corporation is a specific devise and must take precedent over a general devise which contemplates dividing the estate equally between Neil and Lois. This requires that Lois receive the amount of cash necessary to equalize the difference between the 51% and the 49% distributed business shares.
>
> Lois appeals from the order of the District Court.

## STANDARD OF REVIEW

¶8 The judicial interpretation and construction of a will is a question of law. *In the Matter of the Estate of Bolinger* (1997), 284 Mont. 114, 118, 943 P.2d 981, 983. We review a district court's conclusions of law to determine whether its conclusion is correct. *Estate of Bolinger*, 284 Mont. at 118, 943 P.2d at 983.

## DISCUSSION

¶9 Did the District Court err when it concluded that Lucile intended to devise 51 percent of her interest in Snyder's, Inc. to her son, Neil, and the remaining 49 percent of her interest to her daughter, Lois?

¶10 The testator intent controls the distribution of assets pursuant to a will. *In the Matter of the Estate of Evans* (1985), 217 Mont. 89, 94, 704 P.2d 35, 38. In construing a will, substance rather than form is regarded. 80 Am. Jur. 2d, *Wills* § 1127 at 237. Our rules of construction with respect to testamentary instruments are well settled:

> The words of the instrument are to receive an interpretation which will give some effect to every expression, rather than an interpretation which will render any of the expressions inoperative. The will is to be construed according to the intentions of the testator, so far as is possible to ascertain them. Words used in the instrument are to be taken in their ordinary and grammatical sense unless a clear intention to use them in another sense can be ascertained. In cases of uncertainty arising upon the face of the will, the testator's intention is to be ascertained from the words of the instrument, taking into view the circumstances under which it was made, exclusive of his oral declarations.
>
> . . . .
>
> "The object, therefore, of a judicial interpretation of a will is to ascertain the intention of the testator, according to the meaning of the words he has used, deduced from a consideration of the whole instrument and a comparison of its various parts in the light of the situation and circumstances which surrounded the testator when the instrument was framed."

*Estate of Bolinger, 284 Mont. at 121, 943 P.2d at 985 (quoting Blacker v. Thatcher (9th Cir. 1944), 145 F.2d 255, 259). The testator's intent is gleaned not from a single word or phrase but from a*

*sympathetic reading of the will in its entirety. Will of Eckert (1977), 91 Misc. 2d 276, 277, 398 N.Y.S.2d 97, 98. Intent is derived "from all parts of the will . . . construed in relation to each other . . . to form one consistent whole." Estate of Evans, 217 Mont. at 94, 704 P.2d at 38 (quoting In the Matter of the Estate of Erdahl (1981), 193 Mont. 103, 105-06, 630 P.2d 230, 231).*

¶11 Lois contends that Lucile intended to divide her estate equally. She argues that the District Court erred when it interpreted Lucile's will to give her a minority interest in Snyder's, Inc. Lois asserts that Lucile intended to give Neil the business and her a share of the estate equal in value to that devise. Lois contends that to give her 49 percent of Lucile's interest in Snyder's, Inc. is inequitable and contrary to Lucile's intent because she lives in Utah; she does not receive a salary from Snyder's, Inc.; Snyder's, Inc. allegedly does not pay dividends; and there is no market for Snyder's, Inc.'s stock.

¶12 Neil responds that because the language of Lucile's will clearly gives him 51 percent of Lucile's interest in Snyder's, Inc., it, by necessary inference, gives Lois the remaining shares. He argues that Lucile's devise of 51 percent of Snyder's, Inc. is a specific devise and thus more accurately articulates Lucile's intent.

¶13 Both parties rely on § 72-3-902, MCA, which provides, in relevant part:

> Unless a contrary intention is indicated by the will, the distributable assets of a decedent's estate shall be distributed in kind to the extent possible through application of the following provisions:
>
> (1) A specific devisee is entitled to distribution of the thing devised to him, and a spouse or child who has selected particular assets of an estate as provided in 72-2-413 shall receive the items selected.
>
> . . . .
>
> (4) The residuary estate shall be distributed in any equitable manner.

Neil relies on § 72-3-902(1), MCA, for his contention that Lucile's will specifically devised him 51 percent of her interest in Snyder's Inc. Lois relies on § 72-3-902(4), MCA, which requires equitable distribution.

¶14 Section 72-3-902, MCA, begins by stating, "[u]nless a contrary intention is indicated

by the will." Therefore, before applying § 72-3-902, MCA, the court must discover the testator's intent.

¶15 In this case, the will must be read as a whole to discover Lucile's intent. The seventh paragraph provides, in relevant part:

> If said business of Snyder Drug shall be owned by Snyder's, Inc., a Montana Corporation, at the time of my death; then and in that event, *Fifty-one percent (51%) of my stock in said corporation . . . shall be first apportioned and set aside to make up the share of my total estate which shall go to my son, NEIL E. SNYDER.*

> I make this provision because for many years last past my son, NEIL, has devoted his full time and unusual sacrifice to the development of said business and therefore it is my will and desire that he have said business, or control of the corporate business as the case may be, *but without ultimately diminishing the equal distribution of my estate to my two children, whom I hold in equal regard.*

(Emphasis added.) Taking these words in their ordinary and grammatical sense, Lucile intended to give Neil ownership or control of Snyder's, Inc. while dividing her estate equally between Neil and Lois. The language that gives Neil 51 percent of Lucile's interest must be read in conjunction with the language that gives Neil ownership or control of Snyder's, Inc. without ultimately diminishing the equal distribution of Lucile's estate. To infer from the requirement that Neil receive a controlling interest, a requirement that Lois take the remaining 49 percent of the shares would defeat the intent expressed in the last sentence of the seventh paragraph. "The words of the instrument are to receive an interpretation which will give some effect to every expression, rather than an interpretation which will render any of the expression inoperative." *Estate of Bolinger*, 284 Mont. at 121, 943 P.2d at 985. The purpose of giving Neil 51 percent of Lucile's interest in Snyder's, Inc. was to insure that Neil remained in control of Snyder's Inc. after Lucile's death, it was not to diminish the equal distribution of Lucile's estate.

¶16 When Lucile's will is read as a whole, the exact percentage of her interest in Snyder's, Inc. that is distributed to Neil and Lois is less important than her desire to have Neil control Snyder's, Inc. and her estate distributed equally between her children. Therefore, we hold that the District Court erred when it concluded that Lucile intended to devise 51 percent of her interest in Snyder's, Inc. to her son, Neil, and the remaining 49 percent of her interest to her daughter, Lois. This conclusion is supported by Lucile's expressed intent

that if the Drug Store was not incorporated, Neil was to take the entire interest in the store and Lois was to receive estate assets of comparable value.

¶17 We conclude the estate can only be distributed equally by doing the same with Lucile's shares of Snyder's Inc.

¶18 We reverse and remand to the District Court for further proceedings consistent with this opinion.


/S/ TERRY N. TRIEWEILER

We Concur:


/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART