JUSTICE NELSON
dissents.
¶43 I dissent from the Court’s decision.
¶44 I did not sit on In re Estate of Snyder, 2000 MT 113, 299 Mont. 421, 2 P.3d 238 (Snyder I). Respectfully, I cannot agree with the Court’s decision in that case. I believe that the District Court Judge was correct and I would have affirmed. In my view, the Court simply re-wrote Lucile’s will and frustrated her testamentary intent and estate plan. Now, Lois is, unfortunately, the victim of her own success in Snyder I. That, however, is water over the dam. Snyder I is the law of this case and must be followed.
¶45 I would dismiss the instant appeal without prejudice as being interlocutory. While under other circumstances I would agree with the Court’s analysis of M. R. App. P. 1(b)(2) and (3), I believe that we have already dealt with the appealability issue and have, in so doing, created a law of the case that must be followed.
¶46 Under the law of the case doctrine, a prior decision of this Court resolving an issue between the same parties is binding and may not be relitigated. Muri v. Frank, 2003 MT 316, ¶ 11, 318 Mont. 269, ¶ 11, 80 P.3d 77, ¶ 11. This doctrine “expresses the practice of courts generally to refuse to reopen what has been decided.” Scott v. Scott, 283 Mont. 169, 175, 939 P.2d 998, 1001 (1997) (quoting Fiscus v. Beartooth Elec. Cooperative, Inc., 180 Mont. 434, 436, 591 P.2d 196, 197 (1979); see also State v. Van Dyken, 242 Mont. 415, 791 P.2d 1350 (1990), cert. denied, 498 U.S. 920, 111 S. Ct. 297 (1990) (this Court’s earlier decision rendered in response to defendant’s application for writ of supervisory control addressing the issue of failure to poll the jury before declaring a mistrial, remained binding and could not be relitigated under the law of the case doctrine)).
¶47 In this Court’s November 22, 2005 Order dismissing Lois’s appeal, we not only made the statement referred to in ¶ 15 of the Opinion, but we also stated: “For example, an order directing the distribution or partition of an estate is appealable; here, however, the Estate has yet to be distributed. This will not occur until after the court receives the proposed valuations from the parties and holds a hearing on valuations.” On that basis, we determined that Lois’s appeal was not final under M. R. App. P. 1. (November 22, 2005 Order dismissing the appeal in this Court’s Cause No. 04-727 (emphasis added)).
*460 ¶48 Clearly, we dismissed Lois’s prior appeal because the property had yet to be valued or distributed. That was the situation when Lois filed her instant appeal-and still is. Neither of the orders appealed from valued or distributed the property; both were simply interlocutory orders entered in preparation for valuing and distributing the property; neither were certified as final for purposes of appeal under M. R. Civ. P. 54(b). Accordingly, and regardless of whether the orders might otherwise be appealable under the Montana Rules of Appellate Procedure, they are not appealable under the law of this case pursuant to our November 22, 2005 Order.
¶49 Unfortunately, in not allowing the trial court to value and finally distribute Lucile’s estate, we will, no doubt, subject the District Court, the parties, and this Court to an endless round of piece-meal appeals as this case moves forward.
¶50 I would dismiss this appeal without prejudice; I would allow the District Court to complete its valuation and distribution of the Estate; and I respectfully dissent from our decision to the contrary.
JUSTICE COTTER joins in the dissent of JUSTICE NELSON.