## 29310. HAMILTON NATIONAL BANK OF CHATTANOOGA, TENNESSEE v. CHILDERS.

PER CURIAM.

The Hamilton National Bank of Chattanooga, Tennessee, as executor and trustee of the will of Roy A. Childers, filed an action for declaratory judgment in the Superior Court of Catoosa County seeking construction of certain items.

Item III of this will directs that the testator's wife Coa Childers be given a life estate in the home place at Rossville, Georgia during her lifetime or until she remarries. Item IV places in trust for the benefit of Coa Childers during her lifetime all the rest and residue of his property and vests the named trustee with certain powers. At issue here is the last sentence of this item, which provides as follows: "Said Trustee shall pay, at his discretion, and in any manner he sees fit, the proceeds, from said Trust, to Coa Childers, on a monthly basis, always keeping mind, [sic] her necessities in the way of medical expenses, food, shelter, clothing, and other incidentals which would be necessary for said Coa Childers to maintain the same standard of living to which she is accustomed."

The trial court construed this language to mean that the trustee should not be concerned with any separate

estate which Coa Childers might have in distributing the trust proceeds to afford her the same standard of living to which she was accustomed because the testator intended to provide for her in such manner from his estate.

The trustee appeals, contending that under this provision it is authorized to consider the separate estate and income of Coa Childers in determining the amount of monthly payments it must make to her. She argues that this can be accomplished only by an express provision in the trust instrument, not by judicial reformation. *Held:*

This appears to be a question of first impression in this state. However, the general rule is that the testator's intention as manifested by the words used in the will are to be considered in light of the circumstances and his relation with the beneficiary in determining whether the private means of the beneficiary are to be taken into account under such trust provisions. Also, "It has been said that it will ordinarily be presumed that the testator intended that the beneficiary be supported by the trust fund so that the beneficiary's other income and assets are not to be considered." See 96 CJS 630, Wills, § 1034 and cits.

After reading the entire will here, we cannot disagree with the finding of the trial court that it was the testator's intent to maintain the same standard of living for his widow from the proceeds of his trust estate to which she was accustomed as his wife during his lifetime. No other beneficiary was named in the will, the remainder going over to his "heirs at law, according to the laws of descent and distribution in force in the State of Georgia at the time of his death." This discretionary power, standing alone, does not include authorization to consider the private income of the beneficiary. If the testator had intended for the trustee to consider her other means of support, such a provision could have been included in his will and, indeed, is commonly provided. See, e. g., 2 Redfearn (3d Ed.). p. 808, § 458(c).

Accordingly, the judgment is affirmed.

*Judgment affirmed. All the Justices concur. Hill, J., not participating.*

SUBMITTED OCTOBER 11, 1974 — DECIDED JANUARY 7, 1975.

*Lindsay H. Bennett, Jr., Ronald R. Womack,* for appellant.

*John E. Wiggins, Clifton M. Patty, Jr.,* for appellee.