No. 88-004

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

IN RE THE MATTER OF THE ESTATE OF
MERLYNN E. GREENFIELD, a/k/a
MERLYNN E. KRAFT GREENFIELD,

Deceased.

---

APPEAL FROM: District Court of the First Judicial District
In and for the County of Lewis and Clark
The Honorable Gordon R. Bennett, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark P. Yeshe; Harrison, Yeshe and Murphy, Helena, MT

For Respondent:

Richard L. Parish; Harlen, Thompson and Parish, P.C.,
Helena, MT

---

Submitted on Briefs: March 31, 1988

Decided: June 16, 1988

Filed: JUN 1 6 1988

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

William L. Greenfield, Janet Tenesch and Nancy Schmidt, as appellants, appeal from an order of the District Court, First Judicial District, Lewis and Clark County, granting summary judgment in favor of Thomas Marx, personal representative of the estate of Merilyn Greenfield, as respondent. We affirm.

The following issues are presented for our review:

1. Did the District Court err granting summary judgment?

A. Did the District Court err in determining that the Greenfield partnership referred to in a holographic instrument was without property at the time of the decedent's death and as such was unable to successfully devise partnership property; and,

B. Did the District Court err in excluding extrinsic evidence which the appellant alleged was necessary in order to identify the property described in the devise and effectuate the desires of Merlynn Greenfield.

The record discloses the following pertinent facts. Merlynn Greenfield died on October 11, 1984. Following Merlynn Greenfield's death two documents were submitted to the District Court for probate. The first document is a will duly executed on April 4, 1975 appointing her brother, Thomas Marx (respondent) as personal representative of her estate. The second document admitted to probate is a four page holographic document entitled Merlynn E. Greenfield's Last Will and Testament dated November 1, 1983. The holographic instrument contained no testamentary declarations outside of the title and was comprised almost exclusively of a list of

personal property and her desired disposition of such property. There is no language in the document to indicate that it was intended to act as a codicil, amendment or revocation of Merlynn's 1975 will. Neither the 1975 will nor the 1983 holograph provide for the disposition of the residuary estate.

The controversy which is the basis of this appeal concerns one item on the 1983 instrument that appears to be an exception to the general disposition of miscellaneous items. It appears on page 3 and reads as follows:

> If anything is left of Greenfield Partnership to be split between William L. Greenfield, Janet Tenesch, and Nancy Schmidt [appellants].

In order to understand the controversy surrounding this seemingly innocuous devise, it is necessary to delve into some background concerning the "Greenfield Partnership."

William C. Greenfield and Merlynn Greenfield were husband and wife. William C. Greenfield, together with Henry Greenfield (William's Brother) and Ann Jancic (William's sister) owned property in Lewis and Clark County as well as in Sanders County as tenants in common. William Greenfield owned 41 2/3% of the property while his brother and sister each owned 29 1/6% of the property. On August 10, 1983, William C., Henry and Ann executed a partition agreement. The partition stated that the involved parties wanted the property partitioned in accordance with each parties' respective interests, and in the event any of the property was sold, the net proceeds from the sale were to be distributed in accordance with each parties' respective interest regardless of which one of the parties was the owner of record. William C., Henry and Ann filed partnership income tax forms.

William C. Greenfield died August 23, 1983 approximately two weeks after executing the partition agreement. William

- 3 -

C's estate was willed in equal portions to his wife, Merlynn (who was made executrix) and his three children, William L. Greenfield, Janet Tenesch and Nancy Schmidt, the appellants. Merlynn was named personal representative of the estate and Ada Harlen, William C's attorney was named as successor personal representative.

During the course of probate of William C's estate, some of the properties were sold, the proceeds being distributed to William C's estate (41 2/3%), Ann Jancic (29 1/6%) and Henry Greenfield (29 1/6%) as determined by their respective interest. In order to facilitate the distribution of proceeds, Merlynn, Ann and Henry opened a bank account in the name of the "Greenfield Partnership" so that as payments came in, expenses could be paid, and the funds could then be distributed to the parties, according to their interests as tenants in common.

William C's estate was divided in four equal parts between Merlynn and William C's three children. Each received approximately a 10% interest in the property that was the subject of the August 10, 1983 partition agreement. The 41 2/3% tenancy in common in William C's interest in the real property that had not been sold was assigned to Merlynn, William, Janet and Nancy as tenants in common in equal shares. William C's interest in property that had been sold was assigned in like fashion (with the exception that Merlynn's share accrued to her estate as she had died prior to execution of the assignment.)

Following Merlynn's death and the admittance for probate of her 1983 holographic will a dispute arose between the appellants and the respondent over the devise concerning the Greenfield partnership. The respondent sought summary judgment as to the disputed devise, and the District Court granted the respondent's motion holding that the appellants were

not entitled to take anything under the disputed devise in the 1983 holographic instrument. The appellants appeal.

Appellants contend that the District Court erred in granting respondent's motion for summary judgment as genuine issues of material fact exist. We disagree.

The standard of review for an appellate court in reviewing an order for summary judgment is the same as that used by the District Court under Rule 56, M.R.Civ.P. Mayer Bros. v. Daniel Richard Jewelers, Inc. (Mont. 1986), 726 P.2d 815, 816, 43 St.Rep. 1821, 1822; Kronen v. Richter (Mont. 1984), 683 P.2d 1315, 1317, 41 St.Rep. 1312, 1314.

Rule 56(c), M.R.Civ.P., provides in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The disputed holographic devise at the center of the controversy provides that "if anything is left of Greenfield partnership," it is to be divided among the appellants. Appellants contend there is a genuine issue of material fact regarding Merlynn Greenfield's intent when composing this devise and as such, summary judgment was an inappropriate device with which to resolve the question. We find the contrary to be true.

Appellants maintain that a question of intent arises when a document is not clear on its face. However, the disputed provision is clear and unambiguous.

Montana's rules regarding construction of wills are well settled. Section 72-11-302, MCA, provides:

The words of a will are to be taken in their ordinary grammatical sense, unless a clear intention to use them in another sense can be collected and that other can be ascertained.

Section 72-11-303, MCA, provides:

The words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render any of the expressions inoperative. (Emphasis added.)

Section 72-11-309, MCA, provides:

Technical words in a will are to be taken in their technical sense unless the context clearly indicates a contrary intention. (Emphasis added.)

Applying the above delineated rules of construction to the disputed devise there can be no question as to what Merlynn Greenfield intended with her devise. The language utilized by Merlynn Greenfield in composing the devise shows that she was cognizant of the possibility that there would be nothing left of the partnership and that she intended the devise to be effective only if the partnership had property at the time of her death.

Merlynn Greenfield's devise bequeathed the property, if any, left in the Greenfield partnership to William L. Greenfield, Janet Tenesch and Nancy Schmidt. Thus, as the District Court correctly noted the dispositive question is, did the Greenfield partnership own any property at the time of Merlynn's death October 11, 1984.

The Greenfield partnership was merely a conduit through which the partners conducted their tenancy in common business and reported income for tax purposes. An examination of the evidence presented leads us to the unequivocal conclusion that the "Greenfield Partnership" owned no interest in real property at the time of her death. The Greenfield partnership had no land assigned, leased, deeded or sold to it. In fact, there is no evidence that the partnership owned or held title to any land, rather title was held by individual partners as fee holders or tenants in common. Further there is nothing in the record to suggest that any of

the partners abandoned or transferred any of their real property interests to the partnership. As such, the District Court correctly determined that no partnership property should pass under the disputed devise in the holographic will.

Appellants next contend that the District Court erred in failing to consider extrinsic evidence. Appellants maintain that resort to extrinsic evidence is necessary as the term "Greenfield Partnership" is not sufficient to identify the property Merlynn Greenfield intended to bequeath. The extrinsic evidence would apparently show that Merlynn wanted her share of William C. Greenfield's estate to go to the appellants instead of to heirs named in her Will.

The word "partnership" must be given its technical interpretation as the context of the holograph does not clearly indicate a contrary intention. Section 72-11-309, MCA. Further, the qualifying phrase "if anything is left" must be given effect when construing the devise. To ignore the contingent language would violate the rules pertaining to construction of wills. In Re Estate of Erdahl (Mont. 1981), 630 P.2d 230, 38 St.Rep. 978. See also, § 72-11-303, MCA.

It is our opinion that the devise is clear as to what property Merlynn intended to devise to the children of William L. Greenfield--namely, that property, if any, owned by the "Greenfield Partnership" at the time of her demise. Merlynn's intention can be ascertained from the language of the devise alone. It was not necessary, nor would it have been proper, for the District Court to receive extrinsic evidence in order to determine what property Merlynn intended to devise. The plain meaning of the language employed speaks for itself.

We hold the District Court properly granted the respondent's motion for summary judgment. We affirm.

- 7 -

_____
                        John C. Sheehy
                          Justice

We Concur:

_____
          Chief Justice

_____

_____

_____

_____
              Justices

- 8 -

Mr. Justice R. C. McDonough dissents.

There are at least three material questions of fact: 1) whether William C. Greenfield, Henry L. Greenfield and Ann Jancic were partners in dealing with the real estate and the proceeds therefrom; 2) whether Merlynn E. Greenfield, her stepchildren, Ann Jancic and Henry L. Greenfield, intended to and did form a partnership to handle the real estate and the personal property proceeds therefrom; 3) what specific property was intended to be in either partnership. The majority errs because resolution of these factual questions must precede the determination that no partnership property existed.

The parties' intentions as to allegedly forming a partnership should be ascertained as a question of fact. 59A Am.Jur. 2d Partnership § 78 (1987). The intentions of the parties to form a partnership may be implied. It need not be expressed in writing or orally if it can be derived from the parties' actions. 59A Am.Jur. 2d Partnership § 152 (1987). Once it is found that a partnership was formed, the intent of the partners generally determines what property will be considered partnership property as distinguished from separate property, and this is also a question of fact. 59A Am.Jur. 2d Partnership § 354 (1987).

The partition agreement mentioned in the majority opinion executed within 2 weeks of William C. Greenfield's death does not appear to have been carried out. The inventory and appraisement filed in William C.'s probate listed the property at issue as a percentage interest (41+%) belonging to William C. In addition, the agreement is confusing and ambiguous. Furthermore, other evidence in the record infers the

9

existence of the partnership and partnerhip property at the time of Merlynn's death.

Prior to William C.'s death the proceeds from the sales of real estate all went into one account, expenses were paid out of the account, and the profits were distributed from the account as to the percentage of ownership. The partition agreement continued to provide the same division of the profits. Prior to William C.'s death the siblings signed and filed income tax returns as a partnership and the affidavit of Ann Jancic states they considered themselves to be partners.

After William C.'s death, the testator here who was also the personal representative of William C.'s estate, closed out the old account and opened a new account in the name of the "Greenfield Partnership". Additional lands were sold by Ann, Henry L., Merlynn and the stepchildren during the course of the probate of William C.'s estate and some of the lands were sold on a contract for deed. Again, the proceeds went into the partnership account, expenses were paid out of the account, and amounts were from time to time distributed. The existence of these transactions by the testator, and by Ann Jancic, Henry L. Greenfield and the testator's three stepchildren, and the way these transactions were handled by their attorney and accountant, imply there was a partnerhip.

Other transactions also support the existence of a partnership. Partnership returns were filed after the death of William C. for the years 1984 and 1985 and the testator, who died in 1985, is listed on the returns for 1984 as a partner. A sales agreement for some of the land sold after the death of William C., which the testator signed, listed the Greenfield Partnership as seller. The testator's notes

to her stepchildren mentioned the "Greenfield Partnership".
A testator's letter of July 1984, mentions the "partnership".

There is a question of fact as to the intent of the parties. Facts showing that the parties called it a partnership, filed tax returns as a partnership, payed bills as a separate entity, referred to the partnership in writing, all raise questions as to a partnership's existence and its holdings. These questions should be answered by a jury or other trier of fact.

There is also a question of what particular property is treated as partnership property. Assuming that the real estate partition agreement is construed as provided in the majority opinion, the inventory and appraisement of the testator's estate lists considerable property as personal property which is anticipated proceeds from the sale of the real estate under contracts for deeds. There is money in escrow accounts, originally derived from these contracts for deeds. There was also money in a partnership bank account at the time of the testator's death.

Finally, there remains the question of the testator's intent in the holographic writing. Here again it is a question of fact. The clause is ambiguous, written by a lay person. If there is not a partnership, did she intend to bequest and/or devise what she and others called the "Greenfield Partnership". The testator at the time of her death was 45 years of age. Her death certificate shows that the death resulted as of a sudden illness. It cannot be assumed that she felt that the "Greenfield Partnership" only applied to what has been determined to be a partnership between her husband and his sister and brother. I think there is a very material question of fact as to what she

11

meant by the words "Greenfield Partnership" and what property was included.

I would reverse the summary judgment and remand to the District Court.

_____
Justice

Mr. Justice Fred J. Weber concurs in the foregoing dissent.

_____
Justice

12