## S89A0222. GETMAN v. ACKERLY et al.

(384 SE2d 651)

WELTNER, Justice.

Item 24 of the will of John Marshall Slaton provided as follows:

> To the daughter of my sister, Mrs. William A. MacGregor, formerly Lulah Ellis Slaton, namely, Nancy MacGregor Getman, I leave 13%, which shall be held by my executor to be paid to her in monthly installments, or my executor shall be allowed to encroach upon the corpus in case of illness of herself or her son, Bishop Getman.

An action was brought in superior court to interpret this item of the will, and in 1955 the superior court entered the following order:

> (11) Item 24 of the Will means that (a) Equitable title to the 13% of the residue vested in Nancy MacGregor Getman on the death of John Marshall Slaton; (b) Said 13% of the residue must be placed in a trust; (c) John M. Slaton, Jr., as Executor and as Trustee shall administer said trust fund; (d) The installments to be paid the beneficiary are the income from the trust fund, but with discretion in the Executor and Trustee to encroach on the principal; (e) On the death of Nancy MacGregor Getman the trust will be terminated, and the trust fund goes to her estate; (f) This is not a special legacy. It is a bequest of 13% of the residue, and subject to the charge in favor of Bishop Getman set forth below, which is the bequest to John M. Slaton, Jr., as Trustee for Nancy MacGregor Getman is subject to a charge in favor of Bishop Getman, which charge consists in the right of John M. Slaton, Jr., to expend such portion of the trust fund of 13% of the residue for the benefit of Bishop Getman if the Trustee determines: (a) That Bishop Getman is ill. (b) That funds should be expended for his benefit; all in the unlimited discretion of the Trustee.

The Order also stated:

> (20) This court retains jurisdiction of this estate for the purpose of passing other and further orders in the future, and especially situations where it finds that the construction given, or the direction ordered is not sufficient, it retains jurisdiction for the purpose of rendering further decrees, both of construction and direction.

Nancy Getman died, leaving her son Bishop Getman as her survi-

vor. Her will included a provision that purported to exercise a "power of appointment" as to the corpus of the trust created by Item 24 of the Slaton will.

Bishop Getman brought this action, urging that the purported exercise was invalid, and asking that the court declare that the trust assets must pass pursuant to another provision of his mother's will.

The executor of Mrs. Getman's will insists that Bishop Getman's action is barred by laches, inasmuch as the provisions of the Slaton will had been construed by the superior court in the year 1955. He contends that the assets of the trust pass under a power of appointment purportedly exercised in Mrs. Getman's will.

1. Because Bishop Getman had no right to any portion of the trust except that specifically provided in Item 24 of the will, and because the assets of the trust were held and administered in accordance with that Item until his mother's death, he is not barred by laches. Indeed, until some action was taken by other parties to depart from the terms of the trust, he had no cause of action to enforce its terms. See, e.g., *C & S Bank v. Ellis*, 171 Ga. 717 (3) (d) (156 SE 603) (1931) (factors used to determine laches include whether party acted at first opportunity).

2. Whether or not there was a power of appointment created by Item 24, Getman's contention as to its "exercise" must fail. His mother declared by her will exactly and precisely how she wished the trust assets to be distributed. Whether that declaration was the exercise of a power of appointment, or simply a specific bequest, is irrelevant. Her intention is clear, and must prevail. *Hamilton Nat. Bank of Chattanooga, Tennessee v. Childers*, 233 Ga. 427, 428 (211 SE2d 723) (1975).

3. We disagree with the holding of the trial court that all rights of Bishop Getman under Item 24 terminated at the death of his mother. There is no such language in that item of the will, and we will interpret it in accordance with its plain language, which is: "My executor shall be allowed to encroach upon the corpus in case of illness of herself or her son, Bishop Getman."[1]

Accordingly, sufficient assets of the trust must be preserved in order to assure that Getman's entitlement will be met during his lifetime. The superior court has ample powers under standard principles of trust law to formulate such a decree.[2]

---

[1] The retention by the superior court, in its 1955 order, of jurisdiction "for the purpose of rendering further decrees, both of construction and direction" preserves this issue for judicial interpretation.

[2] Equity will not interfere with the regular administration of estates, except upon: (1) Application of the representative; (A) For construction and direction; or (B) For marshaling the assets; or (2) Application of any person interested in the estate where there is danger of loss or other injury to his interests. [OCGA § 23-2-91.]

*Judgment reversed in part and affirmed in part. All the Justices concur.*

DECIDED OCTOBER 19, 1989 —
RECONSIDERATION DENIED NOVEMBER 8, 1989.

Glenda L. Sullivan, for appellant.

Jones, Day, Reavis & Pogue, Edward S. Grenwald, Ralph R. Morrison, Smith, Gambrell & Russell, Theodore M. Forbes, Jr., William R. Mellen, for appellees.

---

"A superior court shall have full power to mold its decrees so as to meet the exigencies of each case and shall have full power to enforce its decrees when rendered." OCGA § 23-4-31.