JUSTICE TRIEWEILER
specially concurring.
I concur with the result of the majority opinion, but for reasons other than those set forth in that opinion.
Paragraph 4 of Karl Lindgren’s testamentary trust directed the trustee to pay from trust income and principle those expenses “necessary for her [Anna’s] support, care, and health during her lifetime.” (Emphasis added.) The issue in this case is simply whether the term *103 “necessary” describes the type of expenses to be paid for, or Anna’s financial need that those expenses be paid by the trust.
This issue has been resolved in other jurisdictions based on reasoning and precedent that I conclude is persuasive.
In Godfrey v. Chandley (Kan. 1991), 811 P.2d 1248, the decedent established a testamentary trust for the benefit of his surviving spouse. In that trust, he provided that net income of the trust was to be paid to the beneficiary ‘“as may be necessary for her support, health and maintenance.’” Godfrey, 811 P.2d at 1250 (emphasis added). The Supreme Court of Kansas was asked to decide, as we are, whether the beneficiary was entitled to the trust income for her support, health, and maintenance without regard to her personal income. The remainderman named in the will argued that the term “necessary” limited expenditures from trust income to “only those expenses which exceeded [the beneficiary’s] personal income.” Godfrey, 811 P.2d at 1251. However, in concluding otherwise, the Supreme Court of Kansas set forth the following rules of interpretation:
Whether a trustee can consider the personal income of a trust beneficiary is to be determined from the language of the instrument and surrounding circumstances. See Bogert, Trusts and Trustees § 811, p. 229 (rev. 2d ed. 1981). Where the trust settlor manifests an intention that the trust property be applied to the beneficiary’s support only if and to the extent the beneficiary is in actual need, then the beneficiary is not entitled to support from the trust fund if other sufficient resources are available. See Dunklee v. Kettering, 123 Colo. 43, 46, 225 P.2d 853 (1950); First National Bank of Catawba County v. Edens, 55 N.C.App. 697, 704, 286 S.E.2d 818 (1982). See generally 2 Scott on Trusts § 128.4 (Fratcher 4th ed. 1987). On the other hand, where a settlor directs the trustee to pay the beneficiary so much as is necessary for support and maintenance, an inference arises that the settlor intended the beneficiary to receive support from the trust estate, regardless of other income. See Taylor v. Hutchinson, 17 Ariz.App. 301, 304-05, 497 P.2d 527 (1972); Estate of Wells v. Sanford, Trustee, 281 Ark. 242, 246-47, 663 S.W.2d 174 (1984); Hamilton Nat. Bank v. Childers, 233 Ga. 427, 428, 211 S.E.2d 723 (1975); In re Coats Trust, 581 S.W.2d 392, 393-96 (Mo.App.1979); see Restatement (Second) of Trusts § 128, comment e (1957).
Godfrey, 811 P.2d at 1251.
For these reasons, the Kansas Court held as follows:
*104 We hold the trustee shall pay Peggy support, health, and maintenance for the period of her natural life irrespective of her individual income. The testator obviously intended to provide maintenance for his wife for her life. His provision is limited only by what is necessary. In other words, it cannot be used to provide nonessential items.
Godfrey, 811 P.2d at 1253.
The same interpretation of the word “necessary,” as it described expenditures from a testamentary trust, was applied in Renner v. Castellano (N.J. Super. Ct. Ch. Div. 1952), 91 A.2d 176, 180, where that court held that:
The word “necessary” as used here in the first paragraph, considered with the context, and in the light of the surrounding circumstances, refers to what is required to accomplish testator’s intention, namely, the comfortable maintenance and care of his widow, the scope, the range, and the cost of it. Without doing violence to every other expression in the will, it could not be said that the benefaction was conditional upon the widow’s financial ability to support and maintain herself. Cf. Camden Safe Deposit & Trust Co. v. Read, 124 N.J.Eq. 599, 4 A.2d 10 (Ch. 1939), in which it was held that the word “necessary” did not refer to the beneficiary’s inability to meet the expense of certain stated contingencies. In accord is Estate of Wells v. Sanford (Ark. 1984), 663 S.W.2d 174,
176-77.
Based on the above authority, I conclude that the term “necessary,” as used in Paragraph 4 of Karl Lindgren’s testamentary trust, refers to the type of expenditures the trustee is authorized to incur. They include, at a minimum, those expenditures related to Anna’s support, housing, and health care during her lifetime. The term “necessary,” as used in Karl’s testamentary trust, does not refer to Anna’s ability to pay for those expenses from her own financial assets.
For these reasons, I specially concur with the majority’s conclusion that the trustee is obliged, under the terms of Karl Lindgren’s testamentary trust, to pay for Anna Lindgren’s total living and medical expenses from and after the date of her husband’s death.
I also concur with the majority’s conclusions under Issues III and IV of its opinion.
JUSTICE GRAY joins in the foregoing concurring opinion.